BRANCH BANKING AND TRUST COMPANY v. BILLY J. WRIGHT AND MARY DIANNE WRIGHT

No. 843SC848

(Filed 7 May 1985)

**Divorce and Alimony § 30— equitable distribution—effect of deed of trust on entireties property executed by one spouse only**

The trial court erred by permanently enjoining plaintiff from foreclosing under a deed of trust where the wife was awarded the marital home in an equitable distribution order and the husband had previously borrowed $48,000 from plaintiff secured by a deed of trust on the marital home which the wife had neither signed nor consented to. The estate of a tenancy in common intervened between absolute divorce and award of title pursuant to equitable distribution and the wife took title in fee simple absolute subject to plaintiff's deed of trust on the husband's one-half undivided interest. The wife was protected from having received an inequitable share of the marital property by the court's additional order that the husband bear sole financial responsibility for this deed of trust and others on the property given without her consent. G.S. 50-20, G.S. 50-21(a).

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 2 May 1984 in Superior Court, CRAVEN County. Heard in the Court of Appeals 3 April 1985.

*Lee, Hancock, Lasitter and King, by Moses D. Lasitter, for plaintiff appellant.*

*Voerman and Ward, by David P. Voerman, for defendant appellees.*

WHICHARD, Judge.

This is an appeal from a judgment declaring that plaintiff has no interest in certain marital property awarded to defendant wife and enjoining plaintiff from foreclosing on said property. Defendants husband and wife owned a home as tenants by the entirety. On 3 December 1981 defendant husband borrowed $48,000 from plaintiff which was secured by a deed of trust on the property. Defendant wife neither signed nor consented to the note or the deed of trust.

Defendants husband and wife were divorced on 5 May 1982. Pursuant to G.S. 50-20 and 50-21 an equitable distribution proceeding was heard 6 May 1982. In an order distributing a business and other real and personal property, the court awarded the marital residence to defendant wife. The court decreed that "[t]he husband shall save and hold the wife harmless, for any additional deeds of trusts [sic] allegedly made on the property by him without the consent and permission of the wife."

Defendant husband deeded the marital residence to defendant wife on 9 July 1982. Upon default in the loan payments plaintiff instituted foreclosure proceedings against the property on 16 December 1982. In this declaratory judgment action the court concluded that plaintiff "acquired no interest or estate in the . . . property . . . upon which to foreclose . . . ." It therefore permanently enjoined plaintiff from foreclosing under the deed of trust executed by defendant husband.

Plaintiff appeals. We reverse.

The issues are: the effect of a deed of trust on entireties property executed by one spouse when the marriage is terminated by an absolute divorce and the estate is converted by operation of law into a tenancy in common; and the effect on the creditor's interest in the property of an action for equitable distribution awarding the property to the non-debtor spouse. Both issues appear to be raised here for the first time. Lee, *Tenancy by the Entirety in North Carolina*, 41 N.C. L. Rev. 67, 82 n. 81 (1962) (questions effect of divorce on a mortgage executed by one spouse on entireties property).

As to the first issue,

under the laws of North Carolina, real property held by the entireties, unless the debt be joint, generally is not subject to the claims of the creditors of either party to the marriage. During coverture, neither party acting alone, may sell the land or his or her interest in it, and creditors of the husband, alone, or of the wife, may not levy upon the land or the single debtor's interest in it.

*Stubbs v. Hardee*, 461 F. 2d 480, 482 (1972) (citing *Turlington v. Lucas*, 186 N.C. 283, 119 S.E. 366 (1923), for a general discussion of the entireties estate). *See also Gas Co. v. Leggett*, 273 N.C. 547, 161 S.E. 2d 23 (1968).

Upon divorce, however, a tenancy by the entirety is converted into a tenancy in common, each former spouse holding an undivided one-half interest. *Kirstein v. Kirstein*, 64 N.C. App. 191, 193, 306 S.E. 2d 552, 553 (1983). *See also Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530 (1959). In a tenancy in common, a mortgage or deed of trust executed by one tenant does not affect the title of the others. *Bailey v. Howell*, 209 N.C. 712, 715-16, 184 S.E. 476, 479 (1936). The grantee of one tenant can take only that tenant's share and step into that tenant's shoes. *Id.*

Here defendants owned the marital home as tenants by the entirety. The husband executed a deed of trust on the property without the joinder or consent of his wife, to the extent of his common law interest. As long as the property remained in the entireties, the lien of the deed of trust could neither encumber, interfere with, or defeat the wife's interest while she lived. Lee, *supra*, at 90. Plaintiff thus could not exercise its foreclosure right until the entireties property was converted into another form of estate. *See In re Foreclosure of Deed of Trust*, 303 N.C. 514, 519, 279 S.E. 2d 566, 569 (1981).

Defendants contend that, because the court awarded the property to defendant wife in an equitable distribution proceeding, "the property went from tenan[cy] by the entirety property to the vesting of title solely and exclusively in the wife." "There was never," defendants contend, "any estate recognizable in the law upon which [plaintiff] could seek to foreclose the deed of trust." We disagree.

When defendants were divorced the tenancy by the entirety became a tenancy in common. *Kirstein*, 64 N.C. App. at 193, 306 S.E. 2d at 553. Thus, as of 5 May 1982, the date of the divorce decree, one-half of the property became subject to the claims of the creditors of either spouse individually. *Stubbs*, 461 F. 2d at 482. On divorce the lien of the deed of trust upon which plaintiff seeks to recover attached to defendant husband's one-half undivided interest in the property. We thus hold that when the marital home was distributed pursuant to G.S. 50-20 defendant wife took title in fee simple absolute subject to plaintiff's deed of trust on defendant husband's one-half undivided interest.

We find no authority for using the Equitable Distribution Act to defeat the rights of creditors. To the contrary, we discern a legislative intent that rights of creditors without notice be protected in the equitable distribution of real property. *See* G.S. 50-20(h). Classification of property—whether real or personal—as marital should not exempt it from the normal restrictions on its use, enjoyment, and disposition. Thus, for example, a party who is awarded the family car takes it subject to existing liens, whether or not the car was purchased and the debt incurred by the other party.

While it is not argued here, we note that under the language of our statute which states that "equitable distribution of property *shall follow* a decree of absolute divorce" (emphasis added), G.S. 50-21(a), the estate of a tenancy in common of necessity intervenes between absolute divorce and award of title pursuant to equitable distribution when property was held by the entireties. This is so whether or not the divorce and the equitable distribution occur in a single proceeding.

While we hold that defendant wife has been awarded encumbered property, we note the court's additional order that defendant husband bear sole financial responsibility for this deed of trust and others on the property given without her consent. Defendant wife is thus protected from having received an inequitable share of the marital property.

Reversed.

Judges JOHNSON and EAGLES concur.