JUDY GOSSETT ATKINS v. GLENN TURNER ATKINS

No. 9018DC774

(Filed 19 March 1991)

1. **Divorce and Separation § 121 (NCI4th)— equitable distribution—marital property—gift to husband and wife**
   The trial court did not err in an equitable distribution action by concluding that a 13.87 acre tract of land was marital property where the wife, who claimed that the tract was marital property, met her burden of establishing each of the four elements required to support a determination that property was marital; there was no dispute that the property was acquired by either spouse or both spouses during the course

of the marriage and before the date of the separation and was presently owned; and the husband failed to meet his burden of excepting the property from the definition of marital property in that the deed was a conveyance to both the husband and wife and was not acquired as an exchange for other property.

**Am Jur 2d, Divorce and Separation §§ 880, 884.**

2. **Divorce and Separation § 147 (NCI4th) — debts — classification as separate or marital**

There was sufficient evidence in an equitable distribution action to classify debts to Wachovia and the AT&T Credit Union as marital where the wife testified that she used those funds to purchase various items for the home and clothing for the parties; however, there was no evidence in the record regarding the purposes for which money received from a Visa account was expended and therefore there was insufficient evidence to support a classification of the Visa debt as marital.

**Am Jur 2d, Divorce and Separation § 935.**

3. **Divorce and Separation § 135 (NCI4th) — valuation of personal property — property not valued separately — no error**

The party who received all of the marital personal property in an equitable distribution action was not prejudiced by the failure of the trial court to value each item where all of the personal property classified as marital was distributed to one party and no purpose would be served in requiring the trial court to place a value on each individual item.

**Am Jur 2d, Divorce and Separation § 937.**

4. **Divorce and Separation § 137 (NCI4th) — equitable distribution — valuation of property — property examined after date of separation**

The trial court did not err in an equitable distribution action by allowing two experts to testify to the value of the personal and real property where those experts examined the property some eighteen months after the separation date. There was no evidence in the record that either witness considered evidence of post-separation occurrences in valuing the property, both witnesses exhibited familiarity with the market values at the time of the separation of the parties, and there was no evidence from either party that the condition of the proper-

ATKINS v. ATKINS

[102 N.C. App. 199 (1991)]

ty was altered between the date of separation and the date of the appraisal.

**Am Jur 2d, Divorce and Separation §§ 938, 939.**

5. **Divorce and Separation §§ 148, 155, and 145 (NCI4th)—equitable distribution—unequal distribution—distribution factors**

The trial court erred in an equitable distribution action by not considering evidence that the husband paid homeowner's insurance premiums on the marital home between the date of separation and the date of trial, by not considering evidence that the husband was primarily responsible for maintaining and preserving the marital property between the date of separation and the date of trial, and by not considering evidence that the wife earned a larger income than the husband. N.C.G.S. § 50-20(c)(11a), N.C.G.S. § 50-20(c)(1).

**Am Jur 2d, Divorce and Separation §§ 903, 918.**

6. **Divorce and Separation § 158 (NCI4th)— equitable distribution—unequal distribution—distributive factors**

The trial court erred in an equitable distribution action by considering as a distributional factor that the husband had received an inheritance of significant value since there was no evidence to support the value of the inheritance, and by considering that the party with the burden of proof had the property appraised and the appraiser testified as to the value of the property. The court did not err by considering as a distributional factor that the value of the marital property had increased from the date of the separation to the date of trial and that such increase inured to the benefit of the husband.

**Am Jur 2d, Divorce and Separation §§ 883, 939.**

7. **Divorce and Separation § 165 (NCI4th)— equitable distribution—unequal distribution—installments denied**

It was within the trial court's discretion in an equitable distribution action to refuse to allow the husband to pay a distributive award of $67,783 in installments.

**Am Jur 2d, Divorce and Separation § 931.**

ATKINS v. ATKINS

[102 N.C. App. 199 (1991)]

APPEAL by defendant from judgment filed 22 March 1990 in GUILFORD County District Court by *Judge William L. Daisy*. Heard in the Court of Appeals 12 February 1991.

*Hatfield & Hatfield, by Kathryn K. Hatfield, for plaintiff-appellee.*

*Rivenbark, Kirkman, Alspaugh & Moore, by Douglas E. Moore, for defendant-appellant.*

GREENE, Judge.

Defendant (Husband) appeals from an order of equitable distribution filed 22 March 1990.

The evidence before the court reveals that the parties were married 23 August 1965. In 1958, the Husband's father died leaving by will his property to his wife, the Husband's mother (Mother). The Mother remarried in 1964. In March, 1969, the Mother and her new husband conveyed interests in a tract of land containing 52 acres to the Husband, the Husband's sister, and the Husband's brother. Each of the three grantees, all children of the Mother, received a one-sixth undivided interest. The Husband, his brother, and sister paid no monies to their mother in consideration for the deed. On the same day, all the children including the Husband and their wives, along with the Mother and her new husband, conveyed the entire 52 acres of land to Roy L. Hendrix and wife, Hazel M. Hendrix (Hendrix). On the same day, Hendrix executed a deed of trust on the 52-acre tract of land to Frank C. Ausband, Trustee for the Husband, his brother, his sister and his mother. The deed of trust acknowledged the existence of a debt of $51,381.23. The amount of the note and deed of trust reflected the difference between the purchase price of $68,500 and the amount paid at the time of the transfer. The Husband received his pro rata share of the monies paid by Hendrix, including his share of the deposit and his share of the monies received in full payment of the note and deed of trust. Subsequently, the Mother and her husband conveyed several tracts of land to the Husband and plaintiff (Wife) as tenants by the entirety, namely a 13.87-acre tract and a 3.22-acre tract both deeded 15 September 1969.

The trial court found in pertinent part:

5. The date [Wife] and [Husband] separated is November 14, 1986. The Court has valued the marital property as of the date of separation.

. . . .

13. When the parties separated, [Wife] and [Husband] owned as tenants by the entirety certain real property described as 13.87 acres in Guilford County. Said property was acquired during the marriage as a gift from [Husband]'s mother, Helen Atkins. During the marriage of [Wife] and [Husband], [Husband]'s mother, Helen Atkins, deeded other real property to her various children including [Husband] in their separate names exclusive of their spouses. It is clear to the Court that Helen Atkins knew the difference in deeding property to one of her children versus deeding property to a child and that child's spouse. . . .

17. The [Wife] offered testimony of a real estate appraiser. The appraiser testified that he looked at the property on May 15, 1988. Based on the condition of the property, its location and comparables at the time, it was his opinion that the property had a fair market value of $160,000 on May 15, 1988. He further testified that in his opinion the property had a fair market value of $155,000 on November 14, 1986, and that it is currently worth between $165,000 and $170,000.

18. The Court finds the value of the real property to be $150,000.00. It is appropriate that the property by [sic] distributed to [Husband].

. . . .

30. Both parties have contended that an equal division is not equitable.

31. The [Husband] contends that the following factors apply to support an unequal division on [Husband]'s behalf:

(a) The income, property, and debts of each spouse: The [Husband] contends [Wife] has a superior financial standing, particularly she has a better income earning capacity. The Court finds that while [Wife] regularly earned more than [Husband], that he was never unable to work and pursued the career of his choice.

(b) The length of the marriage and age and health of each spouse: [Husband] contends that his health is such that he cannot obtain employment comparable to [Wife]'s employment. The Court finds no credible evidence supporting this position.

(c) The efforts made by each spouse to acquire the property: The [Husband] contends that the real property was acquired through [Husband]'s family. The Court finds that the marital real property was never [Husband]'s separate property, but rather finds that it was a gift to [Wife] and [Husband] and that both contributed fully to its development.

. . . .

(e) The actions taken by either spouse to preserve or waste (diminish) marital assets: [Husband] contends he has concentrated his efforts in the maintenance and preservation of all of the marital property. [Husband] contends [Wife] has failed to cooperate in the paynent [sic] of a note to Wachovia and the parties are now involved in a collection action in Superior Court of Guilford County. The Court finds that neither [Wife] nor [Husband] paid the Wachovia debt and that [Wife] paid significant other marital debts after the date of separation as well as paying the property taxes each and every year.

. . . .

34. The Court finds that [Husband] is not entitled to a division of marital property which constitutes more than half the marital estate.

35. [Wife] contends that the following factors apply to support an unequal division on [Wife]'s behalf:

(a) The income, property and liabilities of each party at the time the division of property is to be come [sic] effective: The Court finds that the [Husband] has received an inheritance since the separation of [Wife] and [Husband] which has significant value.

(b) The increased value of the real property since the date of separation: The Court finds that since the date of separation, the value of the real property has increased from $150,000 to between $165,000 and $170,000 and that said

increase will inure to the benefit of [Husband], and it is significant.

(c) The difficulty of evaluating any component asset: The Court finds that the [Wife] at her expense hired a real property appraiser, pension appraiser, and personal property appraiser which were of significant help to the Court in valuing the marital estate.

36. The Court finds that [Wife] is entitled to an unequal division and that she should receive $7,500 in addition to a distribution based on an equal division of the net marital estate.

37. In order to effectuate an equitable division of marital assets, it is appropriate that judgment enter against [Husband] in favor of [Wife] in the amount of $67,783.

. . . .

The trial court then concluded that the 13.87-acre tract of land and the personal property of the parties was marital property and distributed the assets and debts among the parties in accordance with an unequal division. The 13.87-acre tract and the personal property were distributed to Husband. The court further concluded:

43. [Wife] is entitled to an unequal division and she should receive $7,500 in addition to a distribution based on an equal division of the net marital estate.

44. In order to effectuate an equitable division of marital assets, it is appropriate that judgment enter against [Husband] in favor of [Wife] in the amount of $67,783.

_____

The issues are: (I) whether the 13.87-acre tract is marital or separate property; (II) whether the debts are marital or separate; (III) whether the trial court is required to value each item of personal property classified as marital; (IV) whether an expert, who only observed the property at the time of trial, is competent to testify to the value of the property as of the date of separation; (V) whether the evidence supports an unequal division of the marital property; and (VI) whether the trial court erred in failing to allow the husband to pay the distributive award in installments.

ATKINS v. ATKINS

[102 N.C. App. 199 (1991)]

I

**[1]** The Husband argues that the 13.87-acre tract of land received from his mother is separate property because he received the 13.87-acre tract in exchange for his interest in the 52-acre tract of land. The Wife argues the 13.87-acre tract is marital property.

The trial court must classify and identify property as marital or separate "depending upon the proof presented to the trial court of the nature" of the assets. *Johnson v. Johnson*, 317 N.C. 437, 455, n.4, 346 S.E.2d 430, 440 (1986). The burden of showing the property to be marital is on the party seeking to classify the asset as marital and the burden of showing the property to be separate is on the party seeking to classify the asset as separate. *See Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987); *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990); *Zaborowski v. Zaborowski*, 547 So.2d 1296, 1297 (Fla. Dist. Ct. App. 1989) (party claiming pension is marital property bears burden of proof). A party may satisfy her burden by a preponderance of the evidence. *Johnson* at 454, 346 S.E.2d at 440.

The party claiming the property to be marital must meet her burden by showing by the preponderance of the evidence that the property: (1) was "acquired by either spouse or both spouses"; and (2) was acquired "during the course of the marriage"; and (3) was acquired "before the date of the separation of the parties"; and (4) is "presently owned." N.C.G.S. § 50-20(b)(1). If this burden is met and a party claims the property to be separate, that party has the burden of showing the property is separate. This burden is met by showing by the preponderance of the evidence that the property was: (1) "acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage" (third-party gift provision); or (2) "acquired by gift from the other spouse during the course of marriage" and the intent that it be separate property is "stated in the conveyance" (inter-spousal gift provision); or (3) was "acquired in exchange for separate property" and no contrary intention that it be marital property is "stated in the conveyance" (exchange provision). N.C.G.S. § 50-20(b)(2). If both parties meet their burdens, then under the statutory scheme of N.C.G.S. § 50-20(b)(1) and (b)(2), the property is excepted from the definition of marital property and is, therefore, separate property.

If the party claiming the property to be marital does not meet his burden of showing that the property was acquired during the

course of the marriage, the property does not immediately become, as a matter of law, separate property. The party claiming the property as his separate property must meet the burden of establishing by the preponderance of the evidence that the property was "acquired by [him] before marriage . . . ," N.C.G.S. § 50-20(b)(2), or acquired by him after separation with his own separate funds, *Wilson v. Wilson,* 73 N.C. App. 96, 325 S.E.2d 668, *disc. rev. denied,* 314 N.C. 121, 332 S.E.2d 490 (1985).

Here the Wife, who claimed the 13.87-acre tract to be marital, met her burden of establishing each of the four elements required to support a determination that the property was marital. In fact there is no dispute that the property was "acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned . . . ." N.C.G.S. § 50-20(b)(1). The Husband, however, has failed to meet his burden of excepting the property from the definition of marital property.

First, the property was not acquired by *a* spouse by bequest, devise, descent or gift as required by the third-party gift provision. Instead, the deed was a conveyance to *both* the Husband and the Wife. Second, the property was not acquired by gift from the Wife under the inter-spousal gift provision, but was conveyed to both the Husband and Wife by the Husband's mother. Third, we find the Husband did not establish by the preponderance of the evidence that the property was acquired under the exchange provision.

Since the Husband paid no consideration for the one-sixth undivided interest that he received from his mother in the 52-acre tract, that interest was his separate property because it was a "gift [to him] during the course of the marriage." N.C.G.S. § 50-20(b)(2). However, the Husband immediately sold that property for consideration, which no one argues was unfair or unreasonable, and received his pro rata share of the sale proceeds. Therefore, the exchange for his one-sixth interest in the 52 acres of land was the monies he received from the sale of the properties, not his receipt of the 13.87 acres from his mother. Furthermore, the trial court apparently rejected, as not credible, the Husband's evidence that his mother conveyed the 13.87-acre tract of land in exchange for his transfer of his interest in the 52-acre tract. *Church v. Mickler,* 55 N.C. App. 724, 287 S.E.2d 131 (1982) (the trial court is judge of the credibility of witnesses in trial without jury).

Accordingly, since the Wife met her burden of showing the property is marital, and since the Husband failed to meet his burden of showing the property is separate, we find no error in the trial court's conclusion that the 13.87-acre tract of land is marital.

## II

[2]  The Wife offered testimony and the trial court found as fact that the following debts were marital debts: A debt due on a Visa card in the name of both the Husband and the Wife in the amount of $2,631.55; a joint debt to Wachovia Bank in the amount of $4,464.40; and a debt in the Wife's name to AT&T Credit Union in the amount of $4,885.35. The Husband argues that the Wife failed in her burden of proving that these debts were marital debts. "The party claiming the debt to be marital has the burden of proving the value of the debt on the date of separation and that it was 'incurred during the marriage for the joint benefit of the husband and wife.'" *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990) (quoting *Byrd* at 424, 358 S.E.2d at 106). There is no dispute in this case that the Wife offered adequate evidence as to the value of these debts on the date of separation. The only question is whether the evidence was adequate to show that the debt was "incurred during the marriage for the joint benefit" of the parties. The fact that the debt is in the name of one or both of the spouses is not determinative of the proper classification. *Miller* at 80, 387 S.E.2d at 183.

We agree with the Husband that there is insufficient evidence in this record to support a classification of the Visa debt as a marital debt. There is no evidence in the record regarding the purposes for which the money received from the Visa account was expended. However, on the Wachovia and AT&T debts, the record reveals adequate evidence to support a classification of these debts as marital. The Wife testified that she used the funds which she obtained on these accounts to purchase various items for the home and clothing for the parties.

## III

[3]  The Husband next argues that the trial court erred in failing to value each item of personal property separately. We disagree. The trial court is required to value all the marital assets, including personal property. *See Beightol v. Beightol*, 90 N.C. App. 58, 63, 367 S.E.2d 347, 350, *disc. rev. denied*, 323 N.C. 171, 373 S.E.2d

ATKINS v. ATKINS

[102 N.C. App. 199 (1991)]

104 (1988). However, where all the personal property classified as marital is distributed to one party, as here, there is no purpose served in requiring the trial court to place a value on each individual item. Accordingly, the Husband who received all the marital personal property has not been prejudiced by the failure of the trial court to value each item.

IV

[4] The Husband next argues that the experts who testified as to the value of the personal and real property were not competent to testify because they only examined the property some eighteen months after the separation date. We disagree.

John Pait who was admitted as an expert in the "appraisals of used property" testified that he appraised the personal property on 15 June 1988, and that in his opinion the value of the personal property on 15 June 1988 was the same as it was on the date the parties separated, 14 November 1986. Specifically, he said:

In my opinion, all the property was . . . taken care of. It wasn't like it was going downhill where it was sitting. . . . In my opinion, it would be the same value.

Mr. Pait valued the personal property at $11,126, placing a value on each item of personal property.

Henry Watts was accepted by the court as an "expert in real estate appraisal in Guilford County." He testified that he inspected the real property on 15 May 1988 and that he arrived at a fair market value for the property as of that date. He estimated the value to be in the amount of $160,000. He further testified:

Q. Do you have an opinion as to whether the value of this property would have been substantially different November 14th of 1986 versus May 15th, 1988?

A. Just strictly allowing for the passage of time, I would estimate the value, as of the date of separation, at approximately $155,000.

Q. And do you have an opinion of the value of that property today?

A. I would estimate that as of this date, that it would be approximately $165,000 to $170,000, primarily due to the increase in value just for the land itself.

We find both experts were competent to testify as to the value of the property on the date of separation. The fact that they did not appraise the property on the actual date of separation is not fatal. There is no evidence in the record either witness considered "evidence of post-separation occurrences" in valuing the property, *Christensen v. Christensen*, 101 N.C. App. 47, 55, 398 S.E.2d 634, 639 (1990) (evidence of post-separation occurrences is prohibited in valuing marital property), and they both exhibited familiarity with the market values at the time of separation of the parties. Furthermore, there is no evidence from either party that the condition of the property was altered between the date of separation and the date of the appraisal.

V

The Husband next argues that the trial court erred in making an unequal distribution of the marital property to the Wife and that the evidence instead requires an unequal distribution in his favor.

A

[5]  The Husband first contends that he presented evidence on several of the factors under N.C.G.S. § 50-20(c) that should have been considered by the trial court, but were not, in determining an appropriate distribution of the marital property.

We agree with the Husband that the trial court erred in three factors: (1) evidence that the Husband paid homeowner's insurance premiums on the marital home between the date of separation and the date of the trial should have been considered as a distributional factor under N.C.G.S. § 50-20(c)(11a); (2) evidence that the Husband was primarily responsible for maintaining and preserving the marital property between the date of separation and the date of trial should have been considered as a distributional factor under N.C.G.S. § 50-20(c)(11a); (3) evidence that the Wife earned a larger income than the Husband should have been considered by the trial court as a distributional factor under N.C.G.S. § 50-20(c)(1).

B

[6]  The Husband next contends that the Wife presented evidence on several of the factors under N.C.G.S. § 50-20(c) that should not have been considered by the trial court, but were, in determining the appropriate distribution of the marital property.

ATKINS v. ATKINS

[102 N.C. App. 199 (1991)]

We agree with the Husband that the trial court erred in two factors: (1) since there is no evidence to support the value of the inheritance the Husband received from his mother, it was error for the trial court to consider as a distributional factor under N.C.G.S. § 50-20(c)(1) that the Husband had received an inheritance of "significant value" from his mother's estate; and (2) since the party claiming property to be marital has the burden of presenting evidence on the value of such property, *Miller* at 80, 387 S.E.2d at 184, it is error to consider as a distributional factor that the party with the burden of proof had the property appraised and the appraiser testified as to the value of the property. We find no error by the trial court in its consideration, as a distributional factor, that the value of the marital property had increased from the date of the separation to the date of the trial and that such increase inured to the benefit of the husband. *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988).

VI

[7] The Husband finally argues that the trial court erred in not allowing him to pay the distributive award of $67,783 in installments. We disagree. It is within the trial court's sound discretion to determine whether the distributive award is to be made payable as a lump sum or over a fixed period of time. *See* N.C.G.S. § 50-20(e); *Lawing v. Lawing*, 81 N.C. App. 159, 179, 344 S.E.2d 100, 113 (1986).

After a thorough review of the transcript and record on appeal, we find the Husband's remaining assignments of error are without merit.

Affirmed in part, reversed in part, and remanded.

Judges WELLS and WYNN concur.