McCOLLUM v. McCOLLUM

[102 N.C. App. 347 (1991)]

New trial.

Judges JOHNSON and PHILLIPS concur.

---

PAMELA WRAY McCOLLUM v. PHILLIP J. McCOLLUM v. FIRST NATIONAL BANK OF REIDSVILLE

No. 9017DC915

(Filed 19 March 1991)

**Rules of Civil Procedure § 14 (NCI3d) — divorce and equitable distribution action — bank not a proper third-party defendant**

In an action for divorce and equitable distribution, the trial court did not err in dismissing defendant's third-party complaint against a bank from which plaintiff allegedly fraudulently obtained an equity line of credit secured by a deed of trust on the marital home, since a defendant, as a third-party plaintiff, may file a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him; the bank could not be held liable to defendant should an absolute divorce be granted; if the transaction resulting in the deed of trust was found to have been entered into without defendant's consent and knowledge, the debts secured by the deed of trust would be held separate to plaintiff; and any misconduct by plaintiff affecting the value of the property would also be considered in distributing the property.

**Am Jur 2d, Divorce and Separation §§ 863, 903, 929, 940, 941, 951.**

**Spouse's dissipation of marital assets prior to divorce as factor in divorce court's determination of property division. 41 ALR4th 416.**

APPEAL by defendant/third-party plaintiff, Phillip J. McCollum, from order entered 21 May 1990 in ROCKINGHAM County District Court by *Judge Phillip W. Allen.* Heard in the Court of Appeals 22 February 1991.

*No brief filed for plaintiff-appellee, Pamela Wray McCollum.*

*Max D. Ballinger, for defendant and third-party plaintiff-appellant, Phillip J. McCollum.*

*Carruthers & Roth, by Kenneth R. Keller and Grady L. Shields, for third-party defendant-appellee, First National Bank of Reidsville.*

WYNN, Judge.

Plaintiff, Pamela Wray McCollum, originated this action on 16 January 1990 by filing a complaint whereby she sought an absolute divorce and equitable distribution of the marital property. Defendant, Phillip J. McCollum, filed an answer in which he asserted a counterclaim against plaintiff and a third-party complaint against third-party defendant, First National Bank of Reidsville ("Bank"). Defendant alleged that plaintiff fraudulently obtained an equity line of credit in the amount of $28,000.00 from the Bank, secured by a deed of trust on the marital home, without his knowledge and consent and through his forged signature which was purportedly "witnessed" by Bank employees. The Bank filed a motion to dismiss the third-party complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. The trial court allowed the Bank's motion and by order dated 21 May 1990, dismissed the third-party complaint. From this order, Mr. McCollum appealed.

The sole question before us is whether the court erred by dismissing the third-party complaint. We hold that it did not.

Rule 14(a) of the Rules of Civil Procedure governs the filing of a third-party complaint. This rule allows a defendant, as a third-party plaintiff, to file a summons and complaint "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . ." N.C. Gen. Stat. § 1A-1, Rule 14(a) (1990). Plaintiff's claims against Mr. McCollum were for an absolute divorce and for an equitable distribution of the marital property. Obviously, the Bank could not be held liable to Mr. McCollum should an absolute divorce be granted. Mr. McCollum argues that the Bank could be liable to him should his share of the marital estate be reduced by the amount of the indebtedness. We disagree. If the transaction resulting in the deed of trust is found to have been entered into without Mr. McCollum's consent and knowledge, the debts secured by the deed of trust would be held to be separate to Mrs. McCollum. *See Branch Bank-*

*ing and Trust Co. v. Wright*, 74 N.C. App. 550, 328 S.E.2d 840 (1985). Any misconduct by Mrs. McCollum affecting the value of the property would also be considered in distributing the property. *See Smith v. Smith*, 314 N.C. 80, 331 S.E.2d 682 (1985). Conversely, if the transaction is valid, the Bank clearly has no liability.

The order is affirmed.

Affirmed.

Judges JOHNSON and PHILLIPS concur.