EDGAR MARION MARTIN, JR., Plaintiff, MARILYN KAY ADAMS, Assignee of Judgment, Plaintiff v. LUTHER DANIEL ROBERTS, Defendant

No. COA05-1161

(Filed 2 May 2006)

## 1. Husband and Wife— consent order to convey—insufficiency as deed of conveyance

A consent order in which a judgment debtor husband agreed to convey to his wife his half of property held by them as tenants by the entirety was insufficient to constitute a conveyance of the husband's interest in the property where the order required

defendant to convey his interest on a future date; the order contained no legal description of the real property to be conveyed and did not state the location of the property; and the order was not filed with the register of deeds and thus did not provide record notice of any purported conveyance from the judgment debtor to his wife.

**2. Enforcement of Judgments— tenancy by the entirety—divorce—attachment of judgment lien**

The trial court erred by denying plaintiff judgment creditor's motion to subject to an execution sale real property owned at the time of the judgment by defendant judgment debtor and his former wife as tenants by the entirety because plaintiff's judgment lien attached to defendant's interest in the property upon his divorce from his former wife when the property was converted by operation of law into a tenancy in common, and when defendant conveyed his undivided one-half interest in the property to his former wife after their divorce, she took his interest in the property subject to plaintiff's judgment lien.

Appeal by plaintiff Marilyn Kay Adams from an order entered 14 July 2005 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 22 March 2006.

*Brent D. Adams & Associates, by Brenton D. Adams, for Marilyn Kay Adams, plaintiff-appellant.*

*No brief filed for Luther Daniel Roberts, defendant-appellee.*

*No brief filed for Sheila Carroll Roberts, intervenor-defendant-appellee.*

JACKSON, Judge.

On 9 January 1997, a judgment was entered against Luther Daniel Roberts ("defendant") in the amount of sixty-four thousand, six hundred and ninety-one dollars, and eighteen cents ($64,691.18), plus interest and attorney's fees. The judgment was filed with the Durham County Superior Court, and was later assigned to Marilyn Kay Adams ("plaintiff"). On 15 April 2005, plaintiff filed a Motion to Subject Real Estate to Execution Sale. Specifically, plaintiff sought to subject real property held by defendant's former wife to an execution sale in order to satisfy plaintiff's judgment lien.

MARTIN v. ROBERTS

[177 N.C. App. 415 (2006)]

At the time the judgment was entered in January 1997, defendant owned a parcel of land in Durham County with his wife, Sheila Carroll Roberts, as tenants by the entirety. At this time, the couple was in the process of divorcing. On 28 January 1997, the couple entered into a Consent Order pursuant to which defendant would convey his one-half interest in the tenancy by the entirety to his wife, within thirty days following the execution and filing of the Consent Order. This conveyance did not occur prior to the couple's divorce judgment entered on 27 March 1998. On 20 November 1998, nearly eight months after the couple's divorce, defendant conveyed his interest in the couple's real property to his former wife via a General Warranty Deed. Defendant's former wife subsequently conveyed a Deed of Trust on the subject real property on 4 November 2002.

Plaintiff, through her complaint, sought a declaration that a portion of the real property, formerly held by defendant and his former wife, became subject to her judgment lien upon the couple's divorce in March 1998, and that when defendant's former wife took title to defendant's interest in the real property, she did so subject to plaintiff's lien. Plaintiff sought to subject defendant's former undivided one-half interest in the real property to an execution sale in order to satisfy the lien. On 8 June 2005, Sheila Carroll Roberts filed a Motion to Intervene and a Motion to Dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

A hearing was conducted on the parties' motions, and in an order entered 14 July 2005, the trial court dismissed plaintiff's motion seeking to subject the real property to an execution sale. The trial court concluded that plaintiff's judgment did not constitute an encumbrance upon any portion of the real property formerly held by defendant and his former wife, and that no portion of defendant's former wife's interest in the real property was encumbered by plaintiff's judgment lien. Plaintiff now appeals from this order.

Plaintiff contends the trial court erred in denying her motion to subject real estate formerly owned by defendant to an execution sale. Plaintiff contends her judgment lien attached to defendant's property upon the date of his divorce, and that when he conveyed his undivided one-half interest in the property to his former wife, his former wife took his interest in the property subject to plaintiff's judgment lien. Plaintiff also contends that the 28 January 1997 Consent Order, entered into by defendant and his former wife, did not constitute a conveyance, and did not result in defendant's conveyance of his interest in the tenancy by the entirety to his former wife.

North Carolina General Statutes, section 1-234 details where and how a judgment lien should be docketed. Section 1-234 specifically provides:

> Upon the entry of a judgment under G.S. 1A-1, Rule 58, affecting the title of real property, or directing in whole or in part the payment of money, the clerk of superior court shall index and record the judgment on the judgment docket of the court of the county where the judgment was entered. . . . The judgment lien is effective as against third parties from and after the indexing of the judgment as provided in G.S. 1-233. The judgment is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for 10 years from the date of the entry of the judgment under G.S. 1A-1, Rule 58, in the county where the judgment was originally entered.

N.C. Gen. Stat. § 1-234 (2005). Pursuant to section 1-234, a judgment lien is perfected upon its docketing in a county in which the debtor owns real property. The judgment lien not only attaches to real property owned by the debtor at the time the judgment is docketed, but also to real property the debtor acquires after the date of docketing. *Thompson v. Avery County*, 216 N.C. 405, 408, 5 S.E.2d 146, 147 (1939).

In the instant case, the judgment against defendant was filed with the Durham County Clerk of Superior Court on 9 January 1997. Therefore, plaintiff's judgment lien was perfected as of this date, and it attached to any real property owned by defendant on this date, or acquired thereafter during the next ten years. However, as defendant and his former wife held their real property as tenants by the entirety, plaintiff's judgment lien against defendant could not attach to defendant's interest in his property held as such. *Johnson v. Leavitt*, 188 N.C. 682, 685, 125 S.E. 490, 492 (1924) (estate "may be taken under execution against one of the parties only when the legal personage of 'husband and wife' has been reduced to an individuality").

"[I]t is well established that an individual creditor of either a husband or a wife has no right to levy upon property held by the couple as tenants by the entirety." *Dealer Supply Co. v. Greene*, 108 N.C. App. 31, 34, 422 S.E.2d 350, 352 (1992). Thus, so long as real property is held by spouses as tenants by the entirety, any judgment against

only one of the spouses may not attach to the real property while it remains as a tenancy by the entirety. *L. & M. Gas Co. v. Leggett*, 273 N.C. 547, 550, 161 S.E.2d 23, 26 (1968); *see also Union Grove Milling and Mfg. Co. v. Faw*, 103 N.C. App. 166, 168, 404 S.E.2d 508, 509 (1991) ("When property is held by married persons as tenants by the entireties, a lien of judgment effective against only one spouse does not attach to the property until the property is converted into another form of estate.") (citing *In re Foreclosure of Deed of Trust*, 303 N.C. 514, 519-20, 279 S.E.2d 566, 569 (1981). Once the tenancy by the entirety has been dissolved, and the real property has been converted into another form of an estate, a creditor's judgment lien may attach to an individual spouse's interest in the new estate. *Dealer Supply Co.*, 108 N.C. App. at 34, 422 S.E.2d at 352.

In North Carolina, a tenancy by the entirety may be destroyed only in specific ways.

> The tenancy by the entirety may be terminated by a *voluntary partition* between the husband and the wife whereby they execute a joint instrument conveying the land to themselves as tenants in common or in severalty. But neither party is entitled to a *compulsory partition* to sever the tenancy. . . .

> A divorce *a vinculo*, an absolute divorce destroying the unity of husband and wife that is essential to the existence of the tenancy, will convert an estate by the entirety into a tenancy in common. The divorced spouses become equal cotenants. . . . [E]ach spouse is entitled to an undivided one-half interest in the property . . . .

> A divorce *a mensa et thoro*, on the other hand, a divorce from bed and board which does not dissolve the marriage relation, does not sever the "unity of the persons," and does not terminate or change the tenancy by the entirety in any way. . . .

James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 7-18, at 223-24 (Patrick K. Hetrick & James B. McLaughlin, Jr., eds., 5th ed. 1999) (emphasis in original); *see also Dealer Supply Co.*, 108 N.C. App. at 35, 422 S.E.2d at 352 (quoting prior edition of *Webster's Real Estate Law in North Carolina*). Therefore, upon an absolute divorce, real property held as a tenancy by the entirety immediately is converted by operation of law to a tenancy in common. When prior to the divorce each spouse held an undivided one-half interest in a tenancy by the entirety, following an absolute divorce, the former spouses now hold an undivided one-half interest in a tenancy in com-

mon estate. *Branch Banking and Trust Co. v. Wright*, 74 N.C. App. 550, 552, 328 S.E.2d 840, 841, *disc. review allowed*, 314 N.C. 662, 335 S.E.2d 321, *appeal withdrawn*, 318 N.C. 505, 353 S.E.2d 225 (1985). Further, "upon [an absolute] divorce, each former spouse's undivided one-half interest [in the tenancy in common] becomes subject to the claims of his or her individual creditors." *Union Grove*, 103 N.C. App. at 169, 404 S.E.2d at 509 (citing *Branch Banking and Trust Co.*, 74 N.C. App. at 553, 328 S.E.2d at 842).

On 28 January 1997, defendant and his former wife entered into a Consent Order stating, in part:

> 13. That it is ordered that Plaintiff shall receive sole ownership of the parties' farm, and that Defendant agrees to transfer his interest in the farm to the person of the Plaintiff, via General Warranty Deed, within thirty (30) days of this Agreement being executed and filed.

It is well established by our State's statutes that a trial court may order the transfer of title, and that an order providing for the transfer of title in real property may constitute a deed of conveyance. *See* N.C. Gen. Stat. § 1A-1, Rule 70 (2005) ("If a judgment directs a party to execute a conveyance of land or to deliver deeds . . . and the party fails to comply within the time specified, the judge may direct the act to be done . . . . If real or personal property is within the State, the judge in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law."); N.C. Gen. Stat. § 50-20(g) (2005) (with regards to the distribution by the court of marital and divisible property, "[i]f the court orders the transfer of real or personal property or an interest therein, the court may also enter an order which shall transfer title, as provided in G.S. 1A-1, Rule 70 and G.S. 1-228."); N.C. Gen. Stat. § 1-228 (2005) ("Every judgment, in which the transfer of title is so declared, shall be regarded as a deed of conveyance, executed in due form . . . and shall be registered in the proper county, under the rules and regulations prescribed for conveyances of similar property executed by the party. The party desiring registration of such judgment must produce to the register a copy thereof, certified by the clerk of the court in which it is enrolled, under the seal of the court, and the register shall record both the judgment and certificate.").

**[1]** In the instant case, the Consent Order was insufficient to constitute a conveyance of defendant's interest in the real property held as

MARTIN v. ROBERTS

[177 N.C. App. 415 (2006)]

a tenancy by the entirety. The portion of the order pertaining to the former couple's real property called for defendant to convey his interest on a future date, but within thirty days of the date of execution and filing of the Consent Order. In addition, the order failed to provide a legal description of the real property which was to be conveyed, and it did not state the location of the property. The Consent Order also was not filed with the Durham County Register of Deeds, thus it did not provide record notice of any purported conveyance from defendant to his former spouse, and it was not valid against creditors of defendant because at most it constituted an unrecorded transfer. *See Eaton v. Doub*, 190 N.C. 14, 19, 128 S.E. 494, 497 (1925) (holding that a docketed judgment lien is superior in priority over an unrecorded deed purporting to convey title from the debtor to another); *Arnette v. Morgan*, 88 N.C. App. 458, 460, 363 S.E.2d 678, 679 (1988) ("Under our recording statutes, there is no distinction between creditors and purchasers for value: no conveyance of land is valid to pass any property as to either but from the registration of the conveyance.") (citing *Eaton*, 190 N.C. at 19, 128 S.E. at 497). We hold the Consent Order entered on 28 January 1997 constituted a statement concerning a planned future conveyance, and did not constitute a conveyance of defendant's interest in the subject property to his former wife.

Although the instant case is not precisely on point with prior cases in this area of law, the issues and facts in this case are similar to those in *Branch Banking and Trust Co. v. Wright*, 74 N.C. App. 550, 328 S.E.2d 840 (1985), and *Union Grove Milling and Manufacturing Co. v. Faw*, 103 N.C. App. 166, 404 S.E.2d 508 (1991). In, *Branch Banking and Trust Co.*, the bank (BB&T) was permitted to maintain a lien against property held by the debtor's former wife. BB&T held a deed of trust against the property which had been executed by the debtor former husband. The property originally was held between the debtor and his wife as tenants by the entirety. Following the couple's divorce, the former wife received the debtor's interest in the property. This Court held that upon the couple's divorce, the former spouses became tenants in common, and when the former wife acquired the property through the equitable distribution award, she took title to the property subject to BB&T's deed of trust on the debtor former husband's undivided one-half interest in the tenancy in common. *Id.* at 553, 328 S.E.2d at 842.

*Union Grove Milling and Manufacturing Co.*, deals with the effect of a judgment lien against one spouse on marital property,

which also by virtue of the divorce decree, was converted into property held as a tenancy in common. Following the couple's divorce, property formerly held by the couple was awarded through an equitable distribution award to the non-debtor spouse. During the marriage, the couple held the real property as a tenancy by the entirety estate. This Court held that upon the date of divorce, the real property held as a tenancy by the entirety converted to a tenancy in common, and the judgment lien attached immediately to the debtor-spouse's undivided one-half interest in the tenancy in common. *Union Grove*, 103 N.C. App. at 169, 404 S.E.2d at 510. Thus, upon being awarded the subject property in the equitable distribution award, the non-debtor spouse took title in fee simple absolute, subject to the judgment lien on the debtor-spouse's one-half undivided interest. *Id.*

[2] In the instant case, during their marriage, defendant and his former wife held a parcel of land approximately one hundred and thirteen (113) acres large as a tenancy by the entirety. Defendant and his former wife received an absolute divorce on 27 March 1998. Upon this date, the real property defendant and his former wife held as tenants by the entirety was immediately converted by operation of law to a tenancy in common estate, with each former spouse holding an undivided one-half interest in the real property. Thus, upon the divorce, and the conversion of the real property to a tenancy in common, plaintiff's judgment lien could, and did, attach to defendant's undivided one-half interest in the real property. "Once it is established that there has been a tenancy in common, the rule is that the grantee of a tenant in common can take only that tenant's share and step into that tenant's shoes." *Id.* at 169, 404 S.E.2d at 510 (citing *Branch Banking and Trust Co.*, 74 N.C. App. at 552, 328 S.E.2d at 841). Therefore, when defendant conveyed his undivided one-half interest in the tenancy in common to his former wife on 20 November 1998, subsequent to their absolute divorce, she took title to defendant's interest subject to plaintiff's judgment lien.

Thus, we hold the trial court erred in denying plaintiff's motion to subject the real property to execution sale. We reverse the trial court's order stating that plaintiff's judgment lien does not constitute an encumbrance against any portion of the property formerly held by defendant, and that no portion of defendant's former wife's interest in the real property is encumbered by plaintiff's judgment. As plaintiff's judgment lien attached to defendant's interest in the real property upon its conversion to a tenancy in common, defendant's former wife

took title to defendant's undivided one-half interest subject to plaintiff's judgment lien.

Reversed.

Judges ELMORE and STEELMAN concur.