ESTATE OF MELVIN NELSON, DECEDENT, BY AND THROUGH HIS CO-EXECUTORS JANICE BREWER AND LIBBY NELSON, PLAINTIFF v. CARRIE LEE NELSON, DEFENDANT

No. COA05-1267

(Filed 15 August 2006)

**Divorce— equitable distribution—tenancies by the entireties—death after separation**

Three parcels of real estate owned as tenants by the entirety were marital property and subject to equitable distribution even though one of the parties died after separation but before resolution of the divorce and equitable distribution claims. Equitable distribution does not abate upon the death of a party, and, under the doctrine of entireties, defendant as the surviving spouse succeeded to the whole interest by virtue of the original conveyance. Distributional factors do not control the classification of property.

Judge BRYANT dissenting.

Appeal by plaintiff from a judgment entered 18 February 2005 by Judge Jacquelyn L. Lee in Lee County District Court. Heard in the Court of Appeals 10 May 2006.

*Staton, Doster, Post, & Silverman, by Jonathan Silverman, for plaintiff-appellant.*

*Wyrick, Robbins, Yates & Ponton, LLP, by K. Edward Greene and Richard B. Hager, P.A. by Richard B. Hager, for defendant-appellee.*

STEELMAN, Judge.

The Estate of Melvin Nelson (plaintiff) appeals from a judgment entered 18 February 2005 declaring decedent's ex-wife, Carrie Lee Nelson (defendant), the owner of three items of real property by virtue of right of survivorship.

**ESTATE OF NELSON v. NELSON**

[179 N.C. App. 166 (2006)]

Melvin Nelson and defendant married on 3 October 1940. During the course of their marriage, the parties acquired real property, including: the parties' marital residence at 1615 Carbonton Road, Sanford, North Carolina and a duplex at 119 and 121 Edgewater Street, New Port, North Carolina. The parties owned the real property as tenants by the entirety. On 24 August 1999, the parties separated. Upon separation, Mr. Nelson moved out and defendant remained in possession of the marital home. In 2003, Mr. Nelson filed an action for absolute divorce and equitable distribution and requested an interim distribution of the duplex. Mr. Nelson died on 2 March 2004, with the parties' claims for divorce and equitable distribution still pending. On 16 February 2005, the trial court entered an equitable distribution judgment. The court found the three tracts of real estate to be the separate property of defendant, with a fair market value of $381,000.00. It further found the divisible marital property to have a net value of $135,451.00. Based upon distributional factors found in N.C. Gen. Stat. § 50-20(c) (2006), the trial court concluded an equal division was not equitable and awarded almost all of the marital property to plaintiff. The trial judge found the parties had four children. Melvin Nelson's will left his entire estate to the two children who "housed and cared for Decedent for several years after Decedent and Defendant separated." Plaintiff appeals.

The sole issue on appeal is whether the trial court properly classified the three tracts of real estate, owned by the Nelsons as tenants by the entirety at the time of decedent's death, as defendant's separate property. For the reasons stated herein, we reverse the order of the trial court.

The trial court made the following findings of fact with respect to the three tracts of real estate:

7. During the course of their marriage and prior to the date of separation, Decedent and Defendant acquired the following items of real property as tenants by the entirety (hereinafter collectively referred to as "the real property"):

   A. 1615 Carbonton Road, Sanford, North Carolina;

   B. 119 Edgewater Street, Newport, North Carolina;

   C. 121 Edgewater Street, Newport, North Carolina.

8. The real property has a present net fair market value of $381,000.

9. By virtue of the right of survivorship, Defendant became the owner of the real property on March 2, 2004 when Decedent died.

10. The real property is Defendant's separate property, as defined in G.S. § 50-20(b)(2).

The judgment does not contain a conclusion of law that the three tracts of real estate are the separate property of defendant, but does hold: "Defendant is hereby declared to be the owner of the real property by virtue of the right of survivorship." The judgment does not state the basis of the court's finding that the property became the separate property of defendant upon the death of Melvin Nelson.

The question presented involves a statutory interpretation of N.C. Gen. Stat. § 50-20.

> When interpreting a statute, we must apply the rules of statutory construction. *Campbell v. Church*, 298 N.C. 476, 484, 259, S.E.2d 558, 564 (1979). The principal rule of statutory construction is that the legislature's intent controls. *Id.* That intent "may be inferred from the nature and purpose of the statute, and the consequences which would follow, respectively, from various constructions." *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 732, 407 S.E.2d 819, 822 (1991). "A court should always construe the provisions of a statute in a manner which will tend to prevent it from being circumvented," otherwise, the problems which prompted the statute's passage would not be corrected. *Campbell*, 298 N.C. at 484, 259 S.E.2d at 564. In addition, statutory exceptions must be narrowly construed. *Publishing Co. v. Board of Education*, 29 N.C. App. 37, 47, 223 S.E.2d 580, 586 (1976).

*Good Hope Hosp., Inc. v. N.C. Health and Human Servs.*, 175 N.C. App. 309, 311-12, 623 S.E.2d 315, 318 (2006). Because this involves a question of statutory construction, the appropriate standard of review is *de novo. Piedmont Triad Airport Auth. v. Urbine*, 354 N.C. 336, 338, 554, S.E.2d 331, 332 (2001).

In an action for equitable distribution, the trial court is required to conduct a three-step analysis: 1) identification of marital and separate property; 2) determination of the net market value of the marital property as of the date of separation; and 3) division of the property between the parties. *Willis v. Willis*, 86 N.C. App. 546, 550, 358 S.E.2d 571, 573 (1987). Failure to follow these steps carefully and in sequence may render the findings and conclusions inadequate, erro-

neous, or both. *Turner v. Turner*, 64 N.C. App. 342, 345, 307 S.E.2d 407, 409 (1983).

When classifying real property as marital or separate, the fact that legal title is in one or the other spouse, or in both, is not controlling. *Johnson v. Johnson*, 317 N.C. 437, 444, 346 S.E.2d 430, 434 (1986). Rather, property is classified according to the definitions of marital and separate property contained in N.C. Gen. Stat. § 50-20(b).

N.C. Gen. Stat. § 50-20(b)(2) defines separate property as "all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." Further, property acquired during marriage is marital property and is defined as "all real and personal property acquired by either spouse or both spouses during the course of marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property or divisible property in accordance with subdivision (2) or (4) of this subsection." N.C. Gen. Stat. § 50-20(b)(1). Thus, there is a presumption under N.C. Gen. Stat. § 50-20(b) that property acquired during the marriage is marital property. N.C. Gen. Stat. § 50-20(b)(1). The trial court's finding of fact 7 establishes that the three tracts of real estate were acquired during the marriage and were marital property. At this point, the spouse asserting that this property is separate property must show by a preponderance of the evidence that the property was acquired by "bequest, devise, descent, or gift during the course of the marriage before the date of separation." *Atkins v. Atkins*, 102 N.C. App. 199, 207, 401 S.E.2d 784, 788 (1991). The transfer of title resulting from the death of one spouse does not transform marital property into separate property.

We first note that the death of Melvin Nelson occurred *after* the separation of the parties. Therefore, it cannot meet the requirement that the property be acquired "before the date of separation of the parties." N.C. Gen. Stat. § 50-20(b)(1).

Second, because of the unity of person in a tenancy by the entirety, each spouse is seized of the whole of property owned by the entirety from the time of conveyance.

> Upon the death of one [spouse], the whole estate belongs to the other by right of purchase under the original grant or devise and by virtue of survivorship—and not otherwise—because he or she was seized of the whole from the beginning, and the one who died

had no estate which was descendible or devisable. It does not descend upon the death of either, but the longest liver, being already seized of the whole, is the owner of the entire estate.

*Davis v. Bass*, 188 N.C. 200, 204-05, 124 S.E. 566, 568 (1924). "The significance of the doctrine of survivorship is that the surviving spouse does not take by reason of the Intestate Succession Act in North Carolina or by reason of the deceased spouse's will, but takes by virtue of the original conveyance that created the tenancy by the entirety." 1 Patrick K. Hetrick, *Webster's Real Estate Law in North Carolina*, § 7-19, at 226 (5th ed. 1995). Thus, defendant's ownership of the parcels did not arise by bequest, devise, descent, or gift. As defendant did not acquire title to these parcels in a manner prescribed by the statute, they are not separate property as defined by N.C. Gen. Stat. § 50-20(b)(2), but remain marital property for purposes of equitable distribution. Further, since the property was acquired during the marriage and defendant succeeded to the whole interest in the property by virtue of the original conveyance, it was not acquired by defendant subsequent to the date of separation.

Defendant argues the provisions of N.C. Gen. Stat. § 50-20(c)(11b)(b) reflect a legislative intent that property taken by a surviving spouse under tenancy by the entirety be separate property. N.C. Gen. Stat. § 50-20(c)(11b)(b) is a distributional factor that reads as follows: "Property held as tenants by the entirety or as joint tenants with rights of survivorship passing to the surviving spouse due to the death of a spouse." N.C. Gen. Stat. § 50-20(c)(11b)(b).

As discussed above, the trial court must follow three distinct analytical steps in making an equitable distribution award. It is only after the property has been classified as marital or separate property that the trial court applies the distributional factors found in N.C. Gen. Stat. § 50-20(c) to effect an equitable distribution of marital property. This statute contains a number of factors the trial court may consider, but nowhere in N.C. Gen. Stat. § 50-20 is any intent manifested that a distributional factor would control the classification of property under subsection (b).

In 2001, the General Assembly amended N.C. Gen. Stat. § 50-20, adding subsection (l) to provide that "[a] pending action for equitable distribution shall not abate upon the death of a party." 2001 N.C. Sess. Laws ch. 364, § 2. This statute abrogated the Supreme Court's decision in *Brown v. Brown*, which held an equitable distribution claim

ESTATE OF NELSON v. NELSON

[179 N.C. App. 166 (2006)]

abated upon the death of a party. 353 N.C. 220, 227, 539 S.E.2d 621, 625 (2000).

The fundamental purpose of this amendment was to allow an equitable distribution claim to survive the death of one of the parties. If property passing to a survivor under a tenancy by the entirety is held to be separate property, it defeats this purpose.

We hold the three parcels of real estate owned as tenants by the entirety are marital property, subject to equitable distribution. We reverse the trial court's decision and remand this matter for entry of an order classifying these three parcels as marital property, and then equitably distributing the marital property after full consideration of appropriate distributional factors found in N.C. Gen. Stat. § 50-20(c).

REVERSED AND REMANDED.

Judge CALABRIA concurs.

Judge BRYANT dissents in a separate opinion.

BRYANT, Judge, dissenting.

The majority contends defendant did not acquire ownership of the three parcels of land by "bequest, devise, or descent" nor has defendant "asserted separate ownership based upon a gift" and therefore, the parcels are not defendant's separate property as defined by statute. For the reasons that follow, I respectfully dissent from the majority opinion.

Section 50-20 of the North Carolina General Statutes sets forth the definitions of "marital" and "separate" property for purposes of equitable distribution. Marital property is defined as "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property or divisible property. . . ." N.C. Gen. Stat. § 50-20 (b) (1) (2005). Separate property is defined as "all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, **descent**, or gift during the course of the marriage." N.C. Gen. Stat. § 50-20(b) (2) (2005). Separate property is not subject to equitable distribution. N.C.G.S. § 50-20(a) (2005). Once a party, however, makes a showing that property is marital, the burden of proof shifts to the other party to show the property is separate.

*Atkins v. Atkins*, 102 N.C. App. 199, 207, 401 S.E.2d 784, 788 (1991). The spouse claiming separate property must show by a preponderance of the evidence the property was acquired by bequest, devise, descent, or gift during the course of the marriage. *Id.*; N.C.G.S. § 50-20(b) (2) (2005). N.C. Gen. Stat. § 50-20(c) governs division of marital and divisible property:

> There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably.

N.C. Gen. Stat. § 50-20(c) (2005). The statute specifies twelve factors for consideration in equitable distribution, including N.C. Gen. Stat. § 50-20(c)(11b)(b) which states:

> In the event of death of either party prior to the entry of any order for the distribution of property made pursuant to this subsection:
>
> b. Property held as tenants by the entirety or as joint tenants with rights of survivorship passing to the surviving spouse due to the death of the spouse.

N.C. Gen. Stat. § 50-20(c)(11b)(b) (2005). This statute acknowledges that property held as tenants by the entirety is removed from the marital estate for purposes of equitable distribution and thus becomes the separate property of the surviving spouse at the death of the spouse. *North Carolina State Highway Comm'n v. Myers*, 270 N.C. 258, 261, 154 S.E.2d 87, 89 (1967) (right of survivorship in entireties property vests upon marriage and is not lost upon separation). In the case *sub judice*, the trial court found:

9. By virtue of the right of survivorship, Defendant became the owner of the real property on March 2, 2004 when Decedent died.

10. The real property is Defendant's separate property, as defined in G.S. § 50-20(b)(2).

. . .

18D. Decedent could have moved the court for permission to sever his claim for absolute divorce and thereby terminate

ESTATE OF NELSON v. NELSON

[179 N.C. App. 166 (2006)]

the tenancy by the entirety in the real property but did not do so.

The parties acquired three parcels of real property as tenants by the entirety during the marriage and before the date of separation. The property therefore meets the definition of marital property as set forth in N.C. Gen. Stat. § 50-20 (b) (1). However, defendant has shown by a preponderance of the evidence she acquired the property by descent "during the course of the marriage" as the parties had not yet received an absolute divorce order at the date of Mr. Nelson's death. The parties owned the real property as tenants by the entirety with the right of survivorship. *See Mansour v. Rabil*, 277 N.C. 364, 177 S.E.2d 849 (1970). When one spouse dies, the property immediately passes directly to the surviving spouse. *See id.* The parties were still married when Mr. Nelson died in 2004, and the real property passed directly to defendant by right of survivorship simultaneously with Mr. Nelson's death. The parties' separation did not alter the ownership designation as tenants by the entirety. *See North Carolina State Hwy. Comm'n* at 261, 154 S.E.2d at 89 (a divorce from bed and board "does not destroy the marital relationship" and "does not convert the estate by the entirety into a tenancy in common"). In North Carolina, a tenancy by the entirety may be destroyed only in specific ways.

The tenancy by the entirety may be terminated by a *voluntary partition* between the husband and the wife whereby they execute a joint instrument conveying the land to themselves as tenants in common or in severalty. But neither party is entitled to a compulsory partition to sever the tenancy. . . .

. . .

A divorce *a vinculo*, an absolute divorce destroying the unity of husband and wife that is essential to the existence of the tenancy, will convert an estate by the entirety into a tenancy in common. The divorced spouses become equal cotenants. . . . Each spouse is entitled to an undivided one-half interest in the property.

. . .

A divorce *a mensa et thoro*, on the other hand, **a divorce from bed and board which does not dissolve the marriage relation, does not sever the "unity of the persons," and does not terminate or change the tenancy by the entirety in any way.** . . .

*Martin v. Roberts*, 177 N.C. App. 415, 419, 628 S.E.2d 812, —— (2006) (citations omitted) (emphasis in original) (emphasis added). *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Therefore, "the real property owned by [Mr. Nelson and defendant] as tenants by the entirety passed to [defendant] by operation of law[.]" *Mansour* at 379, 177 S.E.2d at 859.

The majority states, and I agree, that the purpose of the amendment to N.C. Gen. Stat. § 50-20 adding subsection (l) was to allow for equitable distribution claims to survive the death of a spouse. However, the majority states the purpose of the statute is defeated if property passing to a survivor under a tenancy by the entirety is held to be separate property. I disagree. The reasoning in this dissent would not affect an action for equitable distribution as to other types of interests in real property or personal property. This reasoning is limited solely to entireties property which vests upon marriage and is lost only upon the conditions as cited in *Martin v. Roberts, supra.* Any other result would significantly affect our long-standing doctrine of survivorship.

For these reasons, I must dissent from the majority and would affirm the trial court based on its findings and conclusions that at the time of her spouse's death, defendant inherited the real property as her own, separate property.