**JOHNSON v. JOHNSON**

[230 N.C. App. 280 (2013)]

DALILA L. JOHNSON, Plaintiff
v.
STEVEN B. JOHNSON, Defendant

No. COA12-977

Filed 5 November 2013

1. **Divorce—equitable distribution—pension—value—evidence**

    The trial court did not abuse its discretion in an equitable distribution action by not assigning a value to defendant's military pension or distributing the pension where plaintiff failed to produce credible evidence of the value of defendant's pension at the time of separation.

2. **Divorce—equitable distribution—valuation of marital residence**

    The trial court did not err in an equitable distribution action in its valuation of a marital residence. Although plaintiff contended that she was entitled to credit for payments made on the indebtedness on the marital residence after separation, once the residence was distributed to plaintiff in the interim distribution order, any payments she made were for her residence and to her benefit rather for the marital estate.

3. **Divorce—equitable distribution—note—marital property—evidence**

    The trial court did not err in an equitable distribution action by determining that a promissory note from plaintiff's brother was marital property valued at $45,000. The parties' pretrial stipulations and the testimony of the parties as to the amount of the debt were sufficient to support the trial court's findings, which supported its conclusions and its ultimate award.

Appeal by plaintiff from judgment entered 10 April 2012 by Judge Eula E. Reid in Currituck County District Court. Heard in the Court of Appeals 9 January 2013.

*Gailor, Wallis & Hunt, P.L.L.C., by Jaime H. Davis and Carrie J. Buell, for plaintiff-appellant.*

*Frank P. Hiner, IV, for defendant-appellee.*

STEELMAN, Judge.

Where plaintiff failed to produce credible evidence of the value of defendant's pension at the time of separation, the trial court did not err in declining to value and distribute that pension as marital property. Where plaintiff received the marital home in an interim distribution order, any further payments on the home accrued to her benefit, and she was not entitled to a credit for these payments. Where plaintiff stipulated to the existence of a marital asset in the pre-trial order, and offered testimony as to the value of that asset at trial, plaintiff cannot on appeal complain of the lack of evidence to support the value of that asset.

## I. Factual and Procedural Background

Dalila L. Johnson (plaintiff) and Steven B. Johnson (defendant) were married on 21 November 1991. They separated on 25 August 2009. There were two children of the marriage. On 4 September 2009, plaintiff filed a complaint, seeking custody of the children, child support, equitable distribution of marital property, alimony, post-separation support and attorney's fees. On 22 October 2009, defendant filed an answer and a counterclaim for equitable distribution.

On 20 May 2010, the trial court entered an order awarding physical custody of one of the children to each of the parties, directing that defendant pay child support to plaintiff, along with post-separation support and attorney's fees. Defendant was also ordered to make mortgage payments on the "Crumpler residence," with these payments to be considered in the equitable distribution proceedings.

The equitable distribution hearing was conducted on 11 August 2011, and 7-8 November 2011. On 10 April 2012, the trial court entered its equitable distribution judgment. The judgment held that there was $143,653.98 in marital and divisible property. After concluding that an unequal distribution of the marital property would be equitable, it awarded sixty-seven percent (67%) of the marital property to plaintiff ($96,290.65) and thirty-three percent (33%) of the marital property to defendant ($47,363.33). The findings of the trial court relevant to this appeal were: (1) defendant's military pension was not distributed because "there was insufficient credible evidence for the Court to value that item[;]" (2) plaintiff's school retirement was not distributed because there was no evidence presented as to its value; (3) the marital residence was found to have increased in value in the amount of $12,000 from the date of separation until the date of the interim distribution to plaintiff; and (4) there was a debt owed to the parties by plaintiff's brother in the

amount of $45,000, which was found to be a marital asset, and was distributed to plaintiff.

Plaintiff appeals.

## II.  Standard of Review

> Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.

*Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citations omitted).

> We have stated that "[t]he standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary."

*Peltzer v. Peltzer*, ___ N.C. App. ___, ___, 732 S.E.2d 357, 359, *disc. review denied*, 366 N.C. 417, 735 S.E.2d 186 (2012) (quoting *Pegg v. Jones*, 187 N.C. App. 355, 358, 653 S.E.2d 229, 231 (2007)).

## III.  Defendant's Military Pension

[1] In her first argument, plaintiff contends that the trial court erred in failing to distribute defendant's military retirement. We disagree.

On 11 August 2011, the trial court entered an Amended Pre-Trial Equitable Distribution Order, with the consent of the parties and their respective counsel.[1] Defendant's military pension was shown on Schedule D to this order and was in a "list of marital property and debts upon which there is disagreement as to distribution and disagreement as to value." Neither plaintiff nor defendant showed a value for defendant's military pension on Schedule D.

---

1. The original Pre-Trial Equitable Distribution Order was filed on 3 May 2011. It was amended following the filing of plaintiff's motion to amend the Pre-Trial Order. This motion asserted that the original order inadvertently omitted the defendant's retirement and plaintiff's retirement. It further acknowledged that there was "no agreement or stipulation entered into regarding the parties' retirement plans."

Plaintiff inserted the notation "213/264=41%" as her contention. Defendant made no contention concerning the pension. Schedule D also listed plaintiff's school retirement. Plaintiff valued her retirement at $0, while defendant noted that its value was "[t]o be determined[.]"

In her listing of factors in favor of an unequal distribution of marital property, plaintiff asserted "[t]he expectation of pension, retirement, or deferred compensation rights that are not marital property: Husband's ability to acquire substantially higher retirement amount." Defendant's listing of factors for an unequal distribution included "[t]he expectation of pension, retirement, or other deferred compensation rights that are not marital property."

The only evidence at trial pertaining to defendant's retirement was very limited testimony elicited from defendant. Upon cross-examination, defendant testified that he had been in the military for 24 years, that he was undecided on whether he would remain in the military, and that his retirement increased by a percentage for each year of service up to the thirtieth year. Defendant would be forced to retire from the military after thirty years of service. Upon further examination by his own counsel, defendant testified that he did not know when he would retire from the military, and that it could "be between anywhere from July of 2012 to August of 2017, at my forced retirement date. I do not know when in between." Upon re-cross examination, the following exchange took place:

Q. Well, have you looked at what your retirement will be if you should retire in – did you say 2012?

A. Yes, I did.

Q. Did you look to see what your retirement would be each month if you retired in 2012?

A. I've looked at it, yes.

Q. And have you compared that to what your retirement will be if you wait until 2017?

A. I have.

Q. What's the difference?

A. Roughly $1,600, give or take a couple of bucks.

Q. That's quite a difference. How much would your retirement be each month if you retire next year, 2012?

A.  I don't know a specific amount, but if you go back over my last three years of pay, average out each month's payday as they do, I believe it will be somewhere around – I want to say $3,500 a month, give or take.

Defendant testified that this value might even be as high as $3,600. Defendant went on to testify that if he remained in the military, that he would receive a promotion in 2013. If he remained in the military for a total of 30 years, his gross retirement would be "$5,500, $5,600" per month. There was further testimony concerning additional compensation that defendant would receive in the event of his "deployment" overseas.

After the conclusion of the hearings on 8 November 2011, plaintiff filed a nine-page memorandum in support of the valuation of defendant's military pension. The memorandum requested that the trial court take judicial notice of documents and internet sites that were not offered as evidence at trial. Plaintiff's counsel then asserted that the marital portion of defendant's military pension had a value of $1,127,196 as of the date of separation, and requested that her client be awarded "40% of the monthly pension payable at the time Defendant begins receiving such payments."

In its Equitable Distribution Judgment, the trial court made the following finding of fact as to defendant's military pension:

c.  *Husband's Military Retirement:* No competent evidence was offered as to the value of this item. Plaintiff's evidence tended to show the Defendant was in the military for 264 months and the parties were married 213 of those months and, therefore, Plaintiff was entitled to 41% of Defendant's military retirement. The Plaintiff argued the Court should rely on Defendant's estimation of his monthly retirement income, should he retire in 2012, as proof of overall net value. There was no evidence offered as to the Defendant's basis for his estimation or how the Defendant calculated his estimation. Even in light of the appellate case of Bishop v. Bishop, the Court does not have sufficient competent evidence to attempt to value the Defendant's retirement. The Court must determine a value supported by evidence in the record. After the conclusion of the hearing, Plaintiff's Attorney forwarded a written statement to the undersigned Judge asking the Court to take Judicial Notice of items that were not offered during

the hearing as well as asking the Court to research and select items via the Internet to assist the Court in calculating the value of a military pension without any evidence offered to assist the Court in determining which tables are appropriate to value this pension. Therefore, the Court finds, due to the lack of competent evidence, it is unable to value this item and it cannot be considered as part of equitable distribution. However, the Court will consider this item as a distributional factor.

"The burden of showing the property to be marital is on the party seeking to classify the asset as marital and the burden of showing the property to be separate is on the party seeking to classify the asset as separate." *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991). Additionally, "the party claiming property to be marital has the burden of presenting evidence on the value of such property[.]" *Id.* at 211, 401 S.E.2d at 790.

A military pension eligible under the federal Uniformed Services Former Spouses' Protection Act is marital property. N.C. Gen. Stat. § 50-20(b)(1) (2011); *see also* 10 U.S.C. § 1408 (2012). Any pension plan, such as defendant's military retirement, which is not a defined contribution plan is considered to be a defined benefit plan. *Bishop v. Bishop*, 113 N.C. App. 725, 730, 440 S.E.2d 591, 595 (1994) (citations omitted). In *Bishop*, we outlined the analysis to be undertaken by the trial court in valuing a defined benefit plan:

> First, the trial court must calculate the amount of monthly pension payment the employee, assuming he retired on the date of separation, will be entitled to receive at the later of the earliest retirement age or the date of separation. This calculation must be made as of the date of separation and "shall not include contributions, years of service or compensation which may accrue after the date of separation." N.C.G.S. § 50-20(b)(3). The calculation will however, include "gains and losses on the prorated portion of the benefit vested at the date of separation." *Id.* Second, the trial court must determine the employee-spouse's life expectancy as of the date of separation and use this figure to ascertain the probable number of months the employee-spouse will receive benefits under the plan. Third, the trial court, using an acceptable discount rate, must determine the then-present value of the pension as of the later of the date of separation or the earliest retirement date. Fourth,

the trial court must discount the then-present value to the value as of the date of separation. In other words, determine the value as of the date of separation of the sum to be paid at the later of the date of separation or the earliest retirement date. This calculation requires mortality and interest discounting. The mortality and interest tables of the Pension Benefit Guaranty Corporation, a corporation within the United States Department of Labor, are well suited for this purpose. Finally, the trial court must reduce the present value to account for contingencies such as involuntary or voluntary employee-spouse termination and insolvency of the pension plan. This calculation cannot be made with reference to any table or chart and rests within the sound discretion of the trial court.

*Id.* at 731, 440 S.E.2d at 595-96 (citations omitted). Further, our Supreme Court has held that

if the marital estate contains adequate property other than the pension and retirement benefits, an in kind or monetary distribution of these assets may be made which takes into account the anticipated pension and retirement benefits. This is impermissible only when the value of the pension or retirement benefits is so disproportionate in relation to other marital property that an immediate distribution would be inappropriate.

*Seifert v. Seifert*, 319 N.C. 367, 370, 354 S.E.2d 506, 509 (1987) (citations omitted). If the retirement account is distributed to one spouse, it is equitable to distribute other marital assets to the other spouse to offset the value of the pension, unless such a large distribution of immediate assets would be inequitable.

In her memorandum to the trial court, plaintiff set forth an elaborate calculation, based on defendant's testimony that his monthly pension would be $3,500. Plaintiff proposed that the trial court should total these payments over time, based on defendant's life expectancy of another 34.7 years; that the trial court should use a discount rate derived from an internet website; that the trial court should apply the coverture fraction proposed by plaintiff; and that the trial court, when taking all of these values and converting to present-day dollars, should find the present-day value of defendant's pension to be $1,127,196.00, with plaintiff entitled to a 40% distribution of the monthly payments.

**JOHNSON v. JOHNSON**

[230 N.C. App. 280 (2013)]

The trial court found that "[t]here was no evidence offered as to the Defendant's basis for his estimation or how the Defendant calculated his estimation." The court found that neither this memorandum, submitted after the close of proceedings, nor defendant's unsubstantiated estimations, constituted competent evidence of valuation.

As to the parties' contentions pertaining to an unequal distribution of marital property, the trial court found that an unequal distribution in favor of plaintiff would be equitable. Specifically, the trial court stated that it was relying upon the fact that "because there was insufficient credible evidence for the Court to value that item, Defendant's military pension was not distributed[]" in making an unequal distribution.

It was plaintiff who sought to have defendant's pension classified as marital property, who had the burden of showing that it was marital property, and of presenting evidence to support a valuation.

*Bishop* expressly requires that the beginning point of the computation is "the amount of monthly pension payment the employee, assuming he retired on the date of separation will be entitled to receive at the later of the earliest retirement age or the date of separation." *Bishop*, 113 N.C. App. at 731, 440 S.E.2d at 595. In this case, the date of separation was 25 August 2009. The only evidence of the "amount of monthly pension" to which defendant might be entitled was defendant's testimony that his retirement would be about $3,500 per month if he retired sometime in 2012. Without the amount of the monthly pension as of the date of separation, the *Bishop* computation cannot be completed. The trial court correctly found and then concluded that it did "not have sufficient competent evidence to attempt to value Defendant's retirement."

In equitable distribution cases, the burden rests upon the party seeking distribution of marital property to place before the trial court competent evidence upon which the trial court can determine the value of the marital asset. *Atkins*, 102 N.C. App. at 211, 401 S.E.2d at 790. In this case, plaintiff failed to do this.

This flaw cannot be corrected with a post-trial memorandum that relies upon internet websites and other materials not before the trial court as competent, admitted evidence. Clever arguments cannot atone for a fatal deficiency in the evidence presented to the trial court.

Further, our resolution of this issue is controlled by our decision in the case of *Albritton v. Albritton*, 109 N.C. App. 36, 426 S.E.2d 80 (1993). In *Albritton*, the plaintiff appealed the equitable distribution judgment wherein the trial court did not value defendant's pension and did not

distribute the pension as marital property. The trial court found that "[t]here was insufficient evidence to enable the Court to establish the present value of this pension at the time of the parties' separation." *Id.* at 40, 426 S.E.2d at 83. On appeal, plaintiff conceded that there were deficiencies in her evidence as to defendant's pension, but contended that "the trial court should have taken judicial notice of any 'number of respected actuarial source books.' " *Id.* This Court rejected this argument and held:

> It is also noted by this Court that plaintiff, as the party claiming an interest in the pension plan, had the burden of proof as to the value of the pension plan on the date of the parties' separation. *See Atkins v. Atkins*, 102 N.C. App. 199, 401 S.E.2d 784 (1991).

*Id.*

This Court noted that plaintiff had multiple opportunities in discovery and at trial to elicit the necessary information from defendant's former employer, but "failed to pursue [these] opportunit[ies]." *Id.* at 41, 426 S.E.2d at 83.

We then held:

> We see no reason to remand this case on the basis that the trial court failed to make a specific finding as to the present discount value of the defendant's pension plan when it was plaintiff who failed to provide the trial court with the necessary information. "[R]emanding the matter for the taking of new evidence, [as to the value of the pension plan] in essence granting the party a second opportunity to present evidence, 'would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing.' " *Miller*, 97 N.C. App. at 80, 387 S.E.2d at 184 (citation omitted). Under the circumstances, we feel that the trial court did the best it could with the information available. Therefore, the trial court's failure to put a specific value on defendant's pension plan was not error.

*Id.* at 41, 426 S.E.2d at 83-84.

We note that in *Albritton*, there was more evidence from which the trial court could have valued defendant's pension than in the instant case. There was evidence as to the exact amount of Mr. Albritton's monthly pension, both gross and net, as of the date of the parties' separation. In

the instant case, the only estimate of defendant's monthly pension was that it would be "$3,500 a month, give or take[,]" as of 2012. We do not know whether this was a gross or net amount. The relevant time for determination of the value of a pension is the date of separation, here 25 August 2009. According to *Bishop*, the court must determine the value which the recipient,

> assuming he retired on the date of separation, will be enti-
> tled to receive at the later of the earliest retirement age or
> the date of separation. This calculation must be made as
> of the date of separation and "shall not include contribu-
> tions, years of service or compensation which may accrue
> after the date of separation." N.C.G.S. § 50-20(b)(3).

113 N.C. App. at 731, 440 S.E.2d at 595. In the instant case, there was no testimony as to the value of defendant's pension as of the date of sepa-ration. The testimony as to the amount of the monthly pension was not even as of the time that it was given (7 November 2011), but as of some unspecified date in 2012.

The only evidence as to the "earliest retirement age" presented was defendant's testimony that he had to retire "anywhere from July of 2012 to August of 2017[.]" Defendant later confirmed that "the earliest I can retire is 2012." This is not, however, a specific date for valuation pur-poses, nor is it any more credible than defendant's $3,500 valuation. Defendant's assertion that he would receive "$3,500 a month, give or take[,]" if he retired "anywhere between July of 2012 to August of 2017," is not a competent statement of valuation or of an earliest retirement age.

We hold that the trial court's findings on defendant's pension are supported by evidence in the record, and that these findings support its conclusions of law. We further hold that the trial court did not abuse its discretion in not assigning a value to defendant's pension or distribut-ing the pension.

This argument is without merit.

## IV. Marital Residence

[2] In her second argument, plaintiff contends that the trial court erred in its valuation of the marital residence. We disagree.

"Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equi-table distribution of the marital property and divisible property between the parties in accordance with the provisions of this section." N.C. Gen.

Stat. § 50-20(a). "There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable." N.C. Gen. Stat. § 50-20(c). Divisible property includes

> [a]ll appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of separation and prior to the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property.

N.C. Gen. Stat. § 50-20(b)(4)(a).

On 2 September 2010, with the consent of the parties, the trial court entered an interim distribution order. This order provided that the marital residence was distributed to plaintiff; that plaintiff would refinance the indebtedness on the marital residence, removing defendant's name from the debt; and that the value of the marital residence would be determined at the equitable distribution hearing. The parties stipulated that, as of the date of separation, the residence had a negative value of $14,369.50. This value was based on the fair market value of the residence, $250,000, less the balances of the first and second mortgages. The residence was distributed to plaintiff at a value of negative $14,369.50. The trial court also found that, from the date of separation until the date of distribution of the marital residence to plaintiff in September of 2010, the marital residence increased in value by $12,000.00 to $262,000. This increase in value was found to be divisible property, and was distributed to plaintiff.

Plaintiff contends that the trial court erred in its valuation. Plaintiff asserts that she was entitled to credit for the payments made on the indebtedness on the marital residence after separation.

Plaintiff cites to our recent decision in *Bodie v. Bodie*, ___ N.C. App. ___, 727 S.E.2d 11 (2012). In *Bodie*, the husband, pursuant to an interim distribution order, "paid $216,000.00 towards the mortgage, insurance, upkeep and taxes for the marital residences" after the parties separated. The trial court found this debt to be marital, but made no findings as to whether the payments were marital, separate, or divisible. *Id.* at ___, 727 S.E.2d at 15. We noted that "[i]t is not enough that evidence can be found within the record which could support such classification; the court must actually classify all of the property and make a finding as to the value of all marital [and divisible] property." *Id.* at ___, 727 S.E.2d at 15 (quoting *Robinson v. Robinson* 210 N.C. App. 319, 324, 707

S.E.2d 785, 790 (2011)). We further observed that "[a] spouse is entitled to some consideration, in an equitable distribution proceeding, for any post-separation payments made by that spouse (from non-marital or separate funds) for the benefit of the marital estate. Likewise, a spouse is entitled to some consideration for any post-separation use of marital property by the other spouse." *Id.* at ___, 727 S.E.2d at 15 (quoting *Walter v. Walter*, 149 N.C. App. 723, 731, 561 S.E.2d 571, 576–77 (2002)). We concluded that, because the trial court did not make any findings of fact as to whether these payments were marital, separate, or divisible property, it was necessary to remand the case for additional findings and an amended equitable distribution judgment. *Id.* at ___, 727 S.E.2d at 17.

The facts of the instant case differ from those in *Bodie*. In the instant case, the trial court assigned a value to the increase in value of the marital residence, which was distributed to plaintiff as divisible property. This was not a case where plaintiff made payments on the marital home or marital debt, or where plaintiff made payments to benefit defendant. Rather, the trial court noted that "[b]ecause Wife received the marital residence any benefits accrued to Wife when she received it." Once the residence was distributed to plaintiff in the interim distribution order, any payments she made on the home were to her benefit, and therefore she need not be credited with them. Those payments were not made for the marital estate, but rather for her own personal residence. We hold that the trial court's findings of fact are supported by evidence in the record, which in turn support the trial court's conclusions of law. We further hold that the trial court did not abuse its discretion in assigning a value to the marital residence and declining to assign a value to plaintiff's post-interim distribution payments.

This argument is without merit.

## V. Marital Loan

[3] In her third argument, plaintiff contends that the trial court erred in determining that a promissory note from plaintiff's brother was marital property valued at $45,000. We disagree.

In the Amended Pre-Trial Equitable Distribution Order, the parties agreed that the note from plaintiff's brother was marital property. Defendant valued the note at $45,000.00, plaintiff at $40,000.00. At trial, plaintiff repeatedly asserted that the amount loaned to her brother was $45,000, not the $40,000 value in the pre-trial order.

Plaintiff's argument on appeal is that there was no "documentation or written instrument demonstrating the value of the loan[,]" and

no evidence as to "whether future repayment would be made, and the amount and manner of any future repayment." We hold that the parties' pre-trial stipulations and the testimony of the parties as to the amount of the debt were sufficient to support the trial court's findings of fact. These findings in turn support the trial court's conclusions of law and its ultimate distributive award.

Clearly, it would have been preferable for the parties to have presented evidence of the date or dates that the debt was incurred, whether it was to be repaid with interest, and any repayment terms. However, both parties were afforded a full opportunity to present their positions in the pre-trial order and at the equitable distribution hearing. Plaintiff cannot on appeal complain of a lack of evidence when she stipulated to the debt and failed to avail herself of the opportunity to present the evidence which she now says was lacking before the trial court.

This argument is without merit.

## VI.  Unequal Distribution

In her fourth argument, plaintiff contends that the trial court abused its discretion in its distribution of marital property. We disagree.

This argument is entirely predicated upon plaintiff's argument that the trial court failed to value and distribute defendant's military pension. Based upon our prior holding on this issue, this argument is without merit.

AFFIRMED.

Judges STEPHENS and McCULLOUGH concur.