ZACHARY, Judge.
 

 *556
 
 Larry Cushman (defendant) appeals from an order for equitable distribution of the marital and divisible property acquired by defendant and Sheila Cushman (plaintiff) during their marriage. On appeal, defendant argues that the trial court erred by denying his pretrial motion for partial summary judgment, neglecting to consider certain distributional factors, and failing to credit him for post-separation payments. We conclude that the trial court's denial of defendant's pretrial motion for partial summary judgment is not subject to appellate review following a hearing on the merits, and that the trial court did not err in its equitable distribution order.
 

 I. Background
 

 The parties were married on 14 February 1970, separated on 31 May 2010, and divorced on 24 June 2013. One child was born of the marriage, a daughter who was thirty-three years old at the time of the parties' equitable distribution hearing. On 21 April 2012, plaintiff filed a complaint for post-separation support, alimony, and equitable distribution of the marital estate. On 6 August 2012 defendant filed an answer and a motion for sanctions against plaintiff and the attorney who represented plaintiff at that time, pursuant to N.C. Gen.Stat. § 1A-1, Rule 11. Defendant's Rule 11 motion, which was based on plaintiff's inclusion of claims for post-
 
 *501
 
 separation support and alimony in her complaint, alleged that prior to the filing of the plaintiff's complaint, the parties had executed a separation agreement releasing all claims other than one for equitable distribution. On 29 August 2012, plaintiff filed a voluntary dismissal of the challenged claims.
 

 At the time that the parties separated, defendant was a retired officer in the United States Marine Corps. After the date of separation, defendant's retirement benefits continued to be deposited into a bank account held jointly by the parties until September 2011, when defendant opened a separate bank account. On 27 September 2012, plaintiff filed a motion seeking an interim distribution of $45,848.00 for her past due share of defendant's military retirement pay. On 2 October 2012, defendant filed a response to plaintiff's motion for interim distribution, in which
 
 *557
 
 defendant agreed that plaintiff had an interest in his retirement benefits but argued that the amount of her entitlement should be reduced. Defendant asserted that (1) because the retirement checks were deposited into a joint account for the first nineteen months of the parties' separation, plaintiff had therefore "received and controlled all of defendant's retirement income" during this time, and that (2) plaintiff's entitlement should be reduced because defendant had "used the net income of his retirement benefits" to make payments towards the mortgage owed on the former marital residence and on a loan obligation of the parties' adult daughter. Defendant's motion did not allege that his payments towards the mortgage or loan were made with his separate funds.
 

 On 21 April 2014, defendant filed a motion for partial summary judgment regarding the identification, valuation, and distribution of marital assets. On 20 May 2014, defendant filed a sworn equitable distribution affidavit in which defendant averred in relevant part that:
 

 The parties entered into a Separation Agreement dated 16 May 2011 in which the parties settled all their claims except for their claim for Equitable Distribution.
 
 Both parties contemplated that they would equally divide their marital property and debts
 
 as provided by North Carolina General Statute 50-20(c).... [I]n order to establish an Equitable Distribution of the marital assets and debts, plaintiff will have to pay a distributive award to defendant of $2,109.05. That being the case, each party will have assets valued at $175,551.76. It is respectfully submitted that the
 
 division in this case should be an equal division by using the net value of marital property and net value of divisible property. It is respectfully contended that there are no factors which would support a finding that an equal division is not equitable.
 

 (Emphasis added.) On 19 May 2014, the trial court conducted a hearing on equitable distribution and defendant's summary judgment motion. The trial court entered an order on 9 September 2014 denying defendant's motion for partial summary judgment and distributing the marital estate.
 
 [1]
 
 The trial court found that the parties had "testified and stipulated to the Court that an equal division was equitable," and directed defendant to pay plaintiff a distributive award of $52,595.05. Details of
 
 *558
 
 the trial court's order for equitable distribution are discussed below, as relevant to the issues raised on appeal. On 17 September 2014, defendant filed a "motion to vacate order, for [a] new trial pursuant to Rule 59 ... [and] to disqualify Judge Walter Mills [.]" On 9 October 2014, defendant appealed to this Court before obtaining a ruling on his Rule 59 motion.
 

 II. Standard of Review
 

 It is undisputed that
 

 [t]he standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary.
 

 *502
 

 Pegg v. Jones,
 

 187 N.C.App. 355
 
 , 358,
 
 653 S.E.2d 229
 
 , 231 (2007) (internal quotation omitted),
 
 aff'd per curiam,
 

 362 N.C. 343
 
 ,
 
 661 S.E.2d 732
 
 (2008). "The trial court's findings need only be supported by substantial evidence to be binding on appeal."
 
 Pulliam v. Smith,
 

 348 N.C. 616
 
 , 625,
 
 501 S.E.2d 898
 
 , 903 (1998) (citations omitted). In addition, "[i]t is well established by this Court that where a trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal."
 
 Juhnn v. Juhnn,
 
 ---N.C.App. ----, ----,
 
 775 S.E.2d 310
 
 , 313 (2015) (citing
 
 In re K.D.L.,
 

 207 N.C.App. 453
 
 , 456,
 
 700 S.E.2d 766
 
 , 769 (2010),
 
 disc. review denied,
 

 365 N.C. 90
 
 ,
 
 706 S.E.2d 478
 
 (2011) ).
 

 Furthermore, it is axiomatic that:
 

 "The division of property in an equitable distribution is a matter within the sound discretion of the trial court." When reviewing an equitable distribution order, the standard of review "is limited to a determination of whether there was a clear abuse of discretion." "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason."
 

 Petty v. Petty,
 

 199 N.C.App. 192
 
 , 197,
 
 680 S.E.2d 894
 
 , 898 (2009) (quoting
 
 Cunningham v. Cunningham,
 

 171 N.C.App. 550
 
 , 555,
 
 615 S.E.2d 675
 
 , 680 (2005), and
 
 White v. White,
 

 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985) ),
 
 disc. review denied and appeal dismissed,
 

 363 N.C. 806
 
 ,
 
 691 S.E.2d 16
 
 (2010).
 

 *559
 

 III. Denial of Motion for Partial Summary Judgment
 

 Defendant argues first that the trial court erred by denying his "motion for partial summary judgment as to the identification, classification, valuation, and distribution of the marital assets and debts of the parties." After the trial court denied defendant's pretrial motion, the court conducted a trial on the parties' claims for equitable distribution. Our Supreme Court has held:
 

 The denial of a motion for summary judgment is an interlocutory order and is not appealable.... To grant a review of the denial of the summary judgment motion after a final judgment on the merits, however, would mean that a party who prevailed at trial after a complete presentation of evidence by both sides with cross-examination could be deprived of a favorable verdict. This would allow a verdict reached after the presentation of all the evidence to be overcome by a limited forecast of the evidence. In order to avoid such an anomalous result, we hold that the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits.
 

 Harris v. Walden,
 

 314 N.C. 284
 
 , 286,
 
 333 S.E.2d 254
 
 , 256 (1985) (citing
 
 MAS Corp. v. Thompson,
 

 62 N.C.App. 31
 
 ,
 
 302 S.E.2d 271
 
 (1983) (other citations omitted).
 
 Harris
 
 is controlling on the issue of the appealability of the trial court's pretrial ruling on defendant's summary judgment motion.) "Because this case was tried on the merits after denial of defendants' motion for summary judgment, under
 
 Harris,
 
 defendants' arguments regarding the summary judgment order cannot amount to reversible error, and we, therefore, do not address them."
 
 Houston v. Tillman,
 
 --- N.C.App. ----, ----,
 
 760 S.E.2d 18
 
 , 20-21 (2014).
 

 IV. Distributional Factors in N.C. Gen.Stat. § 50-20(c)
 

 Defendant contends that the trial court erred by failing to consider the distributional factors set out in N.C. Gen.Stat. § 50-20(c). This statute identifies factors for the trial court to consider in its determination of whether an equal division would be equitable and provides that:
 

 There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and
 
 *560
 
 divisible property equitably. The court shall consider all of the following factors under this subsection[.]
 

 On appeal, defendant specifically maintains that the trial court erred by failing to consider N.C. Gen.Stat. § 50-20(c)(11a), which directs the trial court to consider, if it determines
 
 *503
 
 that an equal division would not be equitable, the "[a]cts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution." Defendant asserts that the trial court was required to award him a credit under this subsection for defendant's post-separation expenditures for the mortgage and maintenance on the former marital residence, and also for his post-separation payments towards a loan obligation of the parties' adult daughter. In addition, defendant claims that the trial court should have considered plaintiff's "waste and conversion" of marital assets. We hold that on the facts of this case, the court was not required to consider or to make written findings addressing the distributive factors set out in N.C. Gen.Stat. § 50-20(c).
 

 This Court has held that when the parties in an equitable distribution case agree to an equal division of the marital estate, the trial court should not consider the distributional factors in N.C. Gen.Stat. § 50-20(c) :
 

 [W]here the parties, as here, stipulate that an equal division of the marital property is equitable, it is not only unnecessary but improper for the trial court to consider, in making that distribution, any of the distributional factors set forth in § 50-20(c). The trial court therefore correctly refused to credit the husband with any mortgage payments he made after the separation of the parties.
 

 Miller v. Miller,
 

 97 N.C.App. 77
 
 , 81,
 
 387 S.E.2d 181
 
 , 184 (1990).
 

 In this case, the trial court found in Finding No. 18(A) that:
 

 Neither party contended that they were entitled to an unequal distribution of marital assets and liabilities. In fact, both of them testified and stipulated to the Court that an equal division was equitable. Because distribution factors are used only to determine whether an equal division of assets would not be equitable, a trial court should not consider, or make findings as to the distributional factors in N.C.G.S. § 50-20(c), when the parties have stipulated to an equal division of all marital and divisible assets and
 
 *561
 
 liabilities. Therefore, neither party is entitled to any credits for post separation payments.
 

 This finding is supported by evidence that clearly establishes that defendant had agreed to an equal division of the marital estate. As discussed above, defendant executed a sworn affidavit averring in relevant part that:
 

 The parties entered into a Separation Agreement dated 16 May 2011 in which the parties settled all their claims except for their claim for Equitable Distribution.
 
 Both parties contemplated that they would equally divide their marital property and debts
 
 as provided by North Carolina General Statute 50-20(c).... It is respectfully submitted that the
 
 division in this case should be an equal division by using the net value of marital property and net value of divisible property. It is respectfully contended that there are no factors which would support a finding that an equal division is not equitable.
 

 (emphasis added). During the hearing, defendant was asked if he agreed to an equal division and responded as follows:
 

 PLAINTIFF'S COUNSEL: Mr. Cushman, ... do you agree than an equal division of assets and liabilities is the fair thing for the judge to do between you and Ms. Cushman?
 

 DEFENDANT: What asset are we talking about now?
 

 PLAINTIFF'S COUNSEL: All of-
 

 DEFENDANT: All assets?
 

 PLAINTIFF'S COUNSEL: Anything you accumulated during the marriage, would you agree that an equal division is fair between the two of you?
 

 DEFENDANT: I do, state law demands it I think.
 

 PLAINTIFF'S COUNSEL: All right. So you agree and stipulate that an equal division is what Judge Mills should do?
 

 DEFENDANT: Correct, sir.
 

 Moreover, defendant's counsel began his argument to the trial court by
 
 explicitly asserting
 
 that an equal division of the parties' assets would be equitable:
 

 *504
 
 TRIAL COURT: Any argument, Mr. Hooten?
 

 *562
 
 DEFENSE COUNSEL:
 
 We agree that it ought to be an equitable distribution case with equal division
 
 and I think if Your Honor will look at the Equitable Distribution Affidavit we prepared ...
 
 an equal division
 
 would give each party about $175,000 in assets[.]
 

 (emphasis added). We conclude that the record evidence clearly supports the trial court's finding that the parties had agreed to an equal division of the marital estate.
 

 Defendant argues on appeal that the evidence fails to establish that the parties had entered into a formal stipulation. Defendant makes various arguments challenging the validity of their agreement on this issue, including the failure of the trial court to conduct an inquiry into the parties' understanding of the legal consequences of their agreement, and the fact that the record does not contain a sworn written stipulation in which both parties signed a document agreeing to an equal division. We determine that, given defendant's repeated assertions at the trial level that an equal division would be equitable, we need not decide whether the parties' agreement met the technical requirements for a legally binding "stipulation."
 

 It is undisputed that at the trial level-in defendant's equitable distribution affidavit, in defendant's testimony, and in defense counsel's argument-defendant pursued the theory that an equal division of the marital estate would be equitable.
 

 Our Supreme Court "has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts....
 

 The defendant may not change his position from that taken at trial to obtain a steadier mount on appeal."
 

 Balawejder v. Balawejder,
 

 216 N.C.App. 301
 
 , 307,
 
 721 S.E.2d 679
 
 , 683 (2011) (quoting
 
 State v. Holliman,
 

 155 N.C.App. 120
 
 , 123,
 
 573 S.E.2d 682
 
 , 685 (2002) ) (internal citations and quotation marks omitted). In this case, defendant expressly sought an equal division of the marital estate at the hearing on this matter, and may not take the opposite position on appeal. Given that defendant agreed at the trial level that an equal division of the marital estate would be equitable, the trial court was not required to make findings demonstrating its consideration of the distributional factors set out in N.C. Gen.Stat. § 50-20(c).
 
 Miller,
 

 97 N.C.App. at 81
 
 ,
 
 387 S.E.2d at 184
 
 .
 

 *563
 

 V. Defendant's Post-Separation Payments Toward Marital Debt
 

 Defendant argues next that the trial court erred by failing to "classify [defendant's] post-separation payments on the marital debt as divisible property and distribute the same." Defendant contends that his post-separation expenditures on "the mortgage, Sallie Mae loan, and maintenance, upkeep and repairs to the marital home," constitute divisible property that the trial court was required to distribute. We disagree.
 

 On appeal, defendant argues that the trial court was required to classify, value, and distribute three categories of post-separation payments: (1) payments towards the mortgage on the former marital residence; (2) money spent on maintenance and repair of the former marital residence, and; (3) payments towards a debt incurred by the parties' adult daughter. We have held that " '[a] spouse is entitled to some consideration, in an equitable distribution proceeding, for any post-separation payments made by that spouse (from non-marital or separate funds) for the benefit of the marital estate.' "
 
 Bodie v. Bodie,
 

 221 N.C.App. 29
 
 , 34,
 
 727 S.E.2d 11
 
 , 15-16 (2012) (quoting
 
 Walter v. Walter,
 

 149 N.C.App. 723
 
 , 731,
 
 561 S.E.2d 571
 
 , 576-77 (2002) ). The crucial requirement for our purposes is that defendant is only entitled to credit for payments made "from non-marital or separate" funds. As we observed in
 
 Bodie,
 
 "[defendant] has not cited any cases, and we know of none, holding that a spouse is entitled to a 'credit' for post-separation payments made using marital funds."
 

 Id.
 

 The trial court made the following findings of fact addressing defendant's contention that he was entitled to credit for these post-separation payments:
 

 *505
 
 18. The Defendant contends that he is entitled to various other credits for debts and expenses that he has paid since the parties' separation. He is not entitled to these credits. In further support hereof, the Court finds as follows:
 

 A. Neither party contended that they were entitled to an unequal distribution of marital assets and liabilities. In fact, both of them testified and stipulated to the Court that an equal division was equitable. Because distribution factors are used only to determine whether an equal division of assets would not be equitable, a trial court should not consider, or make findings as to the distributional factors in N.C.G. S. § 50-20(c), when the parties have stipulated to an equal division of all marital and divisible assets and
 
 *564
 
 liabilities. Therefore, neither party is entitled to any credits for post separation payments.
 

 B. The Defendant contends that he is entitled to various credits relating to mortgage payments and expenses to maintain the Pamlico County property. As set forth above, he has stipulated that an equal division is equitable. Furthermore, he continued to occupy the former marital residence and be in complete control of it after the parties separated. Also, this property has been sold, and both parties, as to this marital asset, made the decision to divide this money equally. Certainly, the repairs and improvements done to the residence created equity in the home, which was present as cash in the proceeds of the sale, and again, subsequently divided equally by the parties. The reduction in the principal amount of the mortgage represents divisible property; however, there is insufficient evidence to determine value. Therefore, this property is not subject to distribution in this matter.
 

 C. The Defendant contends that a certain student loan incurred for the benefit of [Hailey] S. Cushman is a marital debt for which he is entitled to credit because of payments that he made on the debt following the separation. Neither the Plaintiff nor the Defendant are obligated on the loan. The debt was not incurred for the benefit of the Plaintiff or the Defendant. It is a student loan incurred solely by the parties' daughter, [Hailey] S. Cushman, and is not subject to this action.
 

 We will consider separately the types of post-separation payments at issue in this case. Regarding defendant's payments for utilities and routine maintenance of the marital residence, defendant does not dispute the trial court's finding that defendant "continued to occupy the former marital residence and be in complete control of it after the parties separated." Defendant has neither advanced any argument that it would be fair for plaintiff to bear responsibility for defendant's living expenses such as water and electricity after their separation, nor cited any authority classifying such payments as divisible property. We conclude that the trial court did not err by ruling that defendant was not entitled to credit for these expenses.
 

 Regarding payments towards the loan obligation of the parties' adult daughter, we conclude that the trial court's finding on this issue
 
 *565
 
 was supported by the evidence. Defendant argues that the parties had agreed to assume responsibility for their daughter's loan as part of paying for her education and that, on the basis of their personal agreement, this debt should be classified as marital property, and his post-separation payments as divisible property. Plaintiff, however, testified that she did not regard the loan as a marital responsibility. "The trial court is the sole judge of the weight and credibility of the evidence."
 
 Montague v. Montague,
 
 ---N.C.App. ----,
 
 767 S.E.2d 71
 
 , 74 (2014) (citing
 
 Phelps v. Phelps,
 

 337 N.C. 344
 
 , 357,
 
 446 S.E.2d 17
 
 , 25 (1994) ). The trial court's finding on this issue is supported by competent evidence and should be upheld.
 

 Defendant also asserts that his post-separation payments towards the mortgage on the former marital residence and for repairs to the residence are divisible property. Defendant has failed, however, to produce evidence of the dollar amount, if any, of such payments that were made with his separate funds. Defendant concedes that the post-separation payments were made using his retirement benefits and, to an unspecified extent, from his Social Security benefits.
 

 *506
 
 Defendant testified that the repairs to the former marital property were made "exclusively" using his retirement funds, and that defendant had spent approximately $4,400 from his "retirement fund" on home repair. Defendant does not, however, challenge the trial court's Finding No. 11:
 

 11. The Defendant is retired from the United States Marine Corps. The Plaintiff is entitled to 50 percent of the Defendant's gross disposable retirement pay. Her entitlement to 50 percent of this gross disposable retired pay vested at the time the parties separated on May 31, 2010. As set forth above, the parties have entered an order distributing to the Plaintiff her share of the Defendant's gross disposable retired pay. She received her share of that retired pay by way of a check from DFAS for the first time on December 31, 2013....
 

 Because it is undisputed that plaintiff was entitled to half of defendant's retirement benefits, defendant's "retirement fund" consisted of a commingled account that included funds belonging to plaintiff. Defendant did not introduce any documentation of the amount of his post-separation payments from his "retirement fund" that could properly be considered defendant's separate property. Similarly, although defendant contends that his Social Security benefits are separate property which defendant used to make some post-separation payments, defendant never produced any documentation of the amount he spent
 
 *566
 
 from his separate funds. Defendant also admitted at trial that he did not know the extent to which these payments resulted in a reduction in the principal debt.
 

 " 'The burden of showing the property to be marital is on the party seeking to classify the asset as marital and the burden of showing the property to be separate is on the party seeking to classify the asset as separate.' "
 
 Johnson v. Johnson,
 

 230 N.C.App. 280
 
 , 285,
 
 750 S.E.2d 25
 
 , 29 (2013) (quoting
 
 Atkins v. Atkins,
 

 102 N.C.App. 199
 
 , 206,
 
 401 S.E.2d 784
 
 , 787 (1991) ). The statutory mandates that "the trial court (1) classify and value all property of the parties ... (2) consider the separate property in making a distribution of the marital property, and (3) distribute the marital property, necessarily exist only when evidence is presented to the trial court which supports the claimed classification, valuation and distribution."
 
 Miller,
 

 97 N.C.App. at 80
 
 ,
 
 387 S.E.2d at 184
 
 . Defendant neglected to introduce evidence establishing the amount of the post-separation payments made from his separate funds. Because defendant failed to meet his burden to introduce evidence on this issue, the trial court did not err by making no findings specifically valuing or distributing defendant's post-separation payments.
 
 See
 

 Albritton v. Albritton,
 

 109 N.C.App. 36
 
 , 41,
 
 426 S.E.2d 80
 
 , 83-84 (1993) ("We see no reason to remand this case on the basis that the trial court failed to make a specific finding ... when it was plaintiff who failed to provide the trial court with the necessary information.... [T]he trial court's failure to put a specific value on defendant's pension plan was not error.").
 

 Moreover, given that it was defendant's burden to produce evidence on this issue, we will not remand for the taking of additional evidence. This Court has long held that where
 

 the party claiming the property, here a debt, to be marital has failed in his burden to present evidence from which the trial court can classify, value and distribute the property, that party cannot on appeal claim error when the trial court fails to classify the property as marital and distribute it.... Furthermore, remanding the matter for the taking of new evidence, in essence granting the party a second opportunity to present evidence, 'would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing.'
 

 Miller,
 

 97 N.C.App. at 80
 
 ,
 
 387 S.E.2d at 184
 
 (quoting
 
 In re Marriage of Smith,
 

 114 Ill.App.3d 47
 
 ,
 
 69 Ill.Dec. 827
 
 ,
 
 448 N.E.2d 545
 
 , 550 (1983) ).
 

 *567
 
 For the reasons discussed above, we conclude that the trial court did not err and that its equitable distribution order should be
 

 AFFIRMED.
 

 Judges BRYANT and CALABRIA concur.
 

 [1]
 

 The equitable distribution order stated that defendant's Rule 11 motion was "continued to a date uncertain for later hearing."